E. W. HOLLAND, plaintiff in error, *vs.* LONG & BROTHER, defendants, in error.

1. When a writing is obscure or ambiguous, by reason of an unfamiliar abbreviation, what it means is for the jury. And to arrive at the meaning, clear and intelligible expressions in the instrument may be compared with facts otherwise proved.
2. If a retired partner would protect himself against future contracts made with the firm by persons who dealt with it while he was a member, he must affect such persons with notice of his retirement.

3. There may be facts on which to base a charge of the court, without any direct evidence on the point to which the charge relates. It is enough if there be *data* from which a legitimate process of reasoning can be carried on.

4. The evidence was not insufficient to warrant the verdict.

New trial. Evidence. Partnership. Notice. Charge of Court. Before Judge PEEPLES. Fulton Superior Court. October Term, 1875.

Long & Brother brought complaint against the Atlanta Furniture Manufacturing Company, a partnership alleged to be composed of J. M. Willis and E. W. Holland, on two drafts accepted by the firm. The case was dismissed as to Willis, by consent, he having been discharged in bankruptcy. Holland pleaded that he was not a partner.

On the trial plaintiffs introduced the following evidence:

The acceptances, which were in the usual form, signed by the "Atlanta Furniture M'f'g Company, per W. L. Gordon, business man'ger."

The testimony of plaintiffs, which was, in brief, as follows: They became acquainted with defendants by means of a letter written to them by the latter, asking for a price-list of their goods. Afterwards they filled orders for the company. The paper on which such letter and orders were written was headed: "Atlanta Furniture Manufactory; J. M. Willis and E. W. Holland, proprietors; J. N. Fain, business manager; H. Sells, superintendent of works; office and manufactory corner Harris and Butler Streets, Atlanta, Georgia." The letter referred to above was signed "Atlanta Furniture M'f'g Co., H. Sells, superintendent." The goods for which the drafts were drawn, were sent to defendants' firm in December, 1873, and January, 1874. Plaintiffs never had any notice of the withdrawal of Holland from the partnership.

A plea, which Holland had signed and sworn to, in a suit against the same company, in the justice court, in which it was designated as the "Atlanta Man. Furg'y. Co.; J. M. Willis & E. W. Holland." The plea stated that Holland had not been a member of said firm since September 30th, 1873.

J. T. Pendleton, who testified that he had a conversation with Holland in the summer of 1874 in regard to some claims which he held against the Atlanta Furniture Manufacturing Company; that Holland stated that he had withdrawn from the company on September 30th, 1873, no one knowing he was a partner, and admitted that he signed and swore to the plea mentioned above.

Defendant's testimony was, in brief, as follows: He never was a partner in the "Atlanta Furniture Manufacturing Company," nor authorized his name to be used as such. Became interested with Willis at the factory under the following circumstances: One Dr. Sells, who was doing business at said factory, became involved in a difficulty about the payment of $500 00. He had a large amount of unfinished goods on hand, and said if defendant and Willis would pay the $500 00 for him, he would give them the use of the shop and tools to finish the work. Defendant needed some furniture; he advanced $250 00 and Willis $250 00, to complete the unfinished furniture; when that was done had nothing further to do with it. Sold out his interest in September, 1873; was to get $250 00 worth of furniture; only received $225 00. Did not give notice of the sale because he did not think it necessary. Did not know that he was a partner in the "Atlanta Furniture Manufactory" until he had sold his interest in the factory. Was in a hurry when he signed the plea; read it, but did not look at it carefully; supposed it referred to the said "Furniture Manufactory;" also thought the conversation with Pendleton referred thereto. The factory on Butler and Harris streets had no connection with the Atlanta Furniture Manufacturing Company, whose business was conducted on Whitehall Street. Knew nothing of the bill-heads referred to in the plaintiffs' testimony.

The jury found for the plaintiffs $502 15, besides interest.

Defendant moved for a new trial on the following, among other grounds:

1st. Because the court admitted in evidence the plea signed by the defendant over his objections.

Holland *vs.* Long & Brother.

2d. Because the court erred in charging substantially as follows:  (*a*) If Holland was a partner in defendant's firm before the drafts sued on were made, so appeared to the world, and gave no notice of his withdrawal, he would still remain a partner as to creditors of the firm, until notice should be given of such withdrawal or of a dissolution of the partnership.  (*b*) If he was not a member of the firm, but allowed his name to be held out to the world as such, with his knowledge or consent, he would still be liable for debts created on the faith thereof.  (*c*) If there is an irreconcilable conflict in the testimony of witnesses who are equally credible, the relations of the witnesses to the case, their opportunities for knowledge and any inducements they may have to swear falsely may be taken into consideration.

3d. Because the verdict was contrary to the law and evidence.

The motion was overruled, and defendant excepted.

The case was tried before Judge Hopkins and motion for new trial heard by his successor, Judge Peeples.

CANDLER & THOMSON ; McCAY & TRIPPE, for plaintiff in error.

MARSHALL J. CLARKE; JACKSON & LUMPKIN, for defendants.

BLECKLEY, Judge.

1. The plea admitted in evidence was ambiguous as to the name of the company sued in the justice's court; and that ambiguity was for the jury to deal with, in the light of all the evidence : Code, sections 2754, 3801.  One fact calculated to throw light on the matter was, that the time stated in the plea when Mr. Holland ceased to be a partner, was precisely the time indicated in his conversation with Mr. Pendleton as that when he withdrew from the " Atlanta Furniture Manufacturing Company."  According to Mr. Holland's own testimony, the plea and the conversation with Pendleton related

to the same partnership.   He says, however, that he thought
he was referring to the " Atlanta Furniture Manufactory."
The plea, on its face, does not give either of these names ex-
actly ; and, perhaps, it will serve as well for the one as for
the other.   Besides, we do not think there is any clear evi-
dence in the record that there ever was any *partnership* under
the firm name of the "Atlanta Furniture Manufactory."
That seems to have been the name of an establishment, a
place for the transaction of business, and we rather think the
circumstances indicate that Willis and Holland were held out
as proprietors, and that, sometimes at least, those who acted
for them in that establishment used, in business, the firm
name of the "Atlanta Furniture Manufacturing Company."
Whether this was an assumption of authority on the part of
Willis or on the part of the employees of the establishment,
is not clear.   But suppose it was, and grant that Mr. Holland
gave so little attention to the business that he did not know
what was going on, yet if his copartner, or the agents of the
partnership, adopted a name for the partnership, when it had
no fixed name, and, in that name, conducted the operation of
the firm, why would not Mr. Holland be bound ?   If he did
not take the trouble to agree with his copartner upon a name,
nor guard against a name being introduced without his con-
currence, must those who gave credit to the concern lose their
money ?   Of course, if Mr. Holland and Mr. Willis were
not copartners at all, in the business conducted at the factory,
there would be no power to bind him by any name without
his actual consent to being held out as a partner.   But if
the partnership existed, Mr. Holland's intention that it should
be carried on secretly, without his name appearing to the pub-
lic, would not protect him, if Willis, or the employees of the
partnership, held him out as a partner, and obtained credit
for the concern on the faith of his connection with it.   If he
was in fact a partner, however limited his interest or tempo-
rary his object, he would be liable for the ordinary partner-
ship debts contracted while he continued a partner, and until
he protected himself by proper notice of dissolution.

Holland *vs.* Long & Brother.

2. And as to notice being necessary to those with whom the firm had dealings while he was a member, there can be no doubt. The charge of the court, in view of the evidence on that subject, was correct.

3. Mr. Holland admitted that he had an interest with Willis in some of the operations of the Atlanta Furniture Manufactory, carried on prior to September 30th, 1873. Parts of his evidence tend to show that he did not consider his connection with Willis as amounting to a partnership in fact. Some of the evidence in the case showed that letter-heads were sent to the plaintiffs with his name and that of Willis upon them as proprietors of the Atlanta Furniture Manufactory. A letter written to the plaintiffs on the page following such a heading, was signed "Atlanta Furniture Manufacturing Company." Mr. Holland was thus held out as a partner, whether he was such, in fact, or not; and this was prior to the creation of the debts sued for. It was for the jury to say whether this holding out was with his knowledge or consent; and to do this they could look to all the facts and circumstances in the evidence. Mr. Holland testified that he did not know of it or consent to it; but that was but a part of the evidence. There were various facts and circumstances which the jury might have thought indicated the contrary. To justify a charge on a given subject, it is not necessary there should be direct evidence going to that point; it is enough if there be something from which a legitimate process of reasoning can be carried on in respect to it. We thus arrive at the conclusion that there was no error in that part of the charge which announced the legal effect of holding out Mr. Holland as a partner, with his knowledge and consent, even if he was not a partner. There is no complaint against it except that it was unwarranted by the evidence—that is, based on an assumed state of facts. We might add, that even if this part of the charge was objectionable, a new trial ought still to be refused, because the evidence puts the case on higher ground than this part of the charge contemplates. The weight of the evidence is, that, at one time, Holland and Willis were in fact partners.

4. There was evidence enough, on the whole case, to uphold the finding of the jury. It was for them to weigh it, and we do not feel authorized to pronounce that they abused their functions.

Judgment affirmed.