## McCRORY *v.* THE STATE.

1. A conviction in a case of felony is sustainable upon the testimony of a single witness, though an accomplice, when the same is corroborated by other testimony connecting the accused on trial with the perpetration of the crime and tending to show his participation therein.
2. In the present case, the corroborating evidence relied upon by the State was sufficient to meet the requirements of the rule above announced.

Submitted July 5,—Decided July 14, 1897.

Indictment for larceny. Before Judge Butt. Talbot superior court. March term, 1897.

*Henry Persons & Son* and *J. J. Bull*, for plaintiff in error.
*S. P. Gilbert, solicitor-general*, contra.

LUMPKIN, P. J.   Since the decision of this court in *Childers* v. *State*, 52 *Ga.* 106, the rule has been well settled that, in a case of felony, there can be no conviction upon the testimony of an accomplice, unless the same is corroborated by other evidence connecting the accused on trial with the perpetration of the crime, and tending to show his participation therein. This rule has been repeatedly stated and applied, and was recognized in the recent case of *Blois* v. *State*, 92 *Ga.* 584.

The only question for determination in the present case is, whether the evidence relied upon by the State as corroborating the testimony of the accomplice was sufficient to meet the requirements of the rule above announced.   An examination of the brief of evidence has satisfied us that it was.   The offense charged was the larceny of a bale of cotton.   It was removed from the premises of the prosecutor in a wagon which belonged to the accused, and one of the animals drawing the wagon was shown to be his property.   There was also some evidence tending to show that on the night of the larceny the accused was in this wagon with some other person, going in the direction of the prosecutor's plantation, from whence the cotton was stolen.   This "other person" admitted his guilt of the larceny, and testified that the accused participated with him therein.   There were also some other slight circumstances tending to connect the accused with the commission of the offense; so that, on the whole, we see no reason for disturbing the verdict of guilty, returned by the jury and approved by the trial court.

*Judgment affirmed.   All the Justices concurring.*