## 14809. WILLIAMS *v.* THE STATE.

LUKE, J. 1. The circumstances relied upon by the State to corroborate the testimony of the accomplices, as to the defendant's participation in the offense charged, while slight, were passed upon by the jury after full and fair instructions from the court as to the weight and effect of such evidence; and this court cannot say, as a matter of law, that these corroborating circumstances were insufficient. See *Chapman* v. *State,* 109 *Ga.* 165 (34 S. E. 369).

(*a*) Moreover, two accomplices testified in this case, each corroborating the other, and, under the ruling made in the case of *Stone* v. *State,* 118 *Ga.* 705 (5), 711, 712, 713, 714 (45 S. E. 630, 98 Am. St. R. 145), one accomplice can corroborate another. Therefore, the conviction of the defendant would have been authorized even had there been no other evidence connecting him with the crime.

2. In a case of this character the refusal of a written request to charge the law of circumstantial evidence is not error.

3. The verdict was authorized by the evidence, and for no reason assigned was it error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED DECEMBER 5, 1923.

Indictment for larceny of automobile; from Heard superior court—Judge Roop. May 19, 1923.

Certiorari was granted by the Supreme Court.

*M. U. Mooty, L. L. Meadors,* for plaintiff in error.
*W. Y. Atkinson, solicitor-general, S. Holderness,* contra.