*Jeff S. Story,* for defendants.

---

## 15749.  CHANCE *v.* THE STATE.

The testimony of one accomplice, if satisfactory to the jury, is sufficient corroboration of the testimony of another accomplice to authorize a conviction of felony.

DECIDED DECEMBER 9, 1924.

Conviction of manufacture of liquor; from Whitfield superior court—Judge Tarver. May 24, 1924.

*W. E. & W. G. Mann,* for plaintiff in error.

*J. M. Lang, solicitor-general,* contra.

LUKE, J.  Virgil Chance was jointly indicted with others for the offense of manufacturing intoxicating liquors, which is a felony under the laws of this State.  He was found guilty, upon the testimony of two witnesses, each of whom testified that the accused and the witnesses were jointly engaged in distilling whisky as charged in the bill of indictment.  The court gave in charge to the jury section 1017 of the Penal Code (1910), with reference to the weight to be given the testimony of an accomplice in a felony case, and added: "I charge you, as a matter of law, that the witnesses Slaton and Hill, if their evidence be true, were accomplices of the defendant.  I charge you that this statute has reference to cases in which the only witness is an accomplice; and if there be two witnesses, both of whom are accomplices, the rule stated in the statute does not apply.  And if from the testimony of such two accomplices the minds of the jury rest satisfied beyond a reasonable doubt as to the guilt of the defendant, they should convict."  The court denied a timely written request for the following charge:  "I charge you that under the evidence in this case both witnesses, Slaton and Hill, are accomplices; and before you would be authorized to convict the defendant Chance, the evidence of the ac-

complices must be corroborated by other evidence, and such corroborating evidence must connect the defendant Chance with the offense of manufacturing intoxicating liquor—the offense charged in the indictment." The defendant moved for a new trial upon the usual general grounds, and also assigned as error the charge and refusal to charge as above set out. He excepts to the judgment overruling that motion.

The same principle of law controls the several grounds of error. "At common law one could be convicted on the uncorroborated testimony of an accomplice." *Stone* v. *State,* 118 *Ga.* 705 (4) (45 S. E. 630, 98 Am. St. Rep. 145). But the statute law of this State (Penal Code of 1910, § 1017), dealing with the "number of witnesses necessary," provides that "The testimony of a single witness is generally sufficient to establish a fact. Exceptions to this rule are made . . in any case of felony where the only witness is an accomplice; in these cases . . corroborating circumstances may dispense with another witness." Thus, the statute, dealing generally with the number of witnesses necessary, deals only with the weight to be given the testimony of a single accomplice, and seemingly leaves of force the prior common-law rule where two or more accomplices testify as witnesses to the same fact. But in *Johnson* v. *State,* 92 *Ga.* 577 (4) (20 S. E. 8), the Supreme Court seemed to have a different opinion, the fourth paragraph of the decision being as follows: "Where there was no evidence connecting the accused with the alleged burglary except the testimony of two witnesses who admitted that they were accomplices in the burglary, and the State sought to corroborate the accomplices by showing that a garment found on the person of the accused recently after the commission of the offense was a part of the goods taken from the broken building by the burglars, evidence which fails to identify the garment as such with reasonable certainty is not sufficient corroboration, the owner of the goods having testified as a witness in behalf of the State, and the record showing no reason or explanation why he failed to testify to the identity or to a description by which the identity might appear. In consequence of this failure to corroborate the accomplices, the evidence was insufficient to warrant the verdict, and it was error not to grant a new trial." In the subsequent case of *Stone* v. *State,* supra, the Supreme Court, dealing more nearly with the precise question now presented for deci-

sion, said: "The practice of the English judges of advising the jury to acquit in all cases where the sole testimony was that of an accomplice was never a rule of law. It grew up after May 14, 1776, and was not within the terms of our adopting statute; nor has it been incorporated in the code as to misdemeanor cases, nor as to felonies, except where the *only* witness to a fact is an accomplice." In the course of the opinion in that case, delivered by Mr. Justice Lamar, *Johnson's* case, supra, is referred to, but is not followed. Instead of following the principle apparently ruled in *Johnson's* case, it was said: "The point was assumed, but not expressly dealt with, in *Johnson* v. *State,* 92 *Ga.* 578." Expressly dealing with the precise point now in question, the fifth division of the opinion concludes as follows: "The statute being silent, the courts have no right to extend the exceptions beyond its terms. *Childers* v. *State,* 52 *Ga.* 117. Nor does the provision in Political Code [1895], § 4, par. 4, that the singular includes the plural, apply when it is apparent that the statute is dealing with the number of witnesses necessary, and expressly declaring that one is sufficient except in specified cases." See also the decision of this court in *Williams* v. *State,* 31 *Ga. App.* 293 (120 S. E. 550), following the decision in *Stone's* case and expressly ruling that "one accomplice can corroborate another."

It is therefore held that the lower court did not err either in giving the charge complained of or in refusing to give the requested charge. The verdict, having some evidence to support it, and having the approval of the trial judge, can not be disturbed by this court.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*