22975.   AUSTIN *v.* THE STATE.

DECIDED JULY 15, 1933.

*Alec Harris,* for plaintiff in error.
*S. W. Ragsdale, solicitor-general,* contra.

MacINTYRE, J.   The indictment in this case charges Jim Ledbetter, George Ledbetter, Mayson Ledbetter, Dallas Ledbetter and Sam Austin with committing the offense of burglary on August 12, 1931, in Polk county, by breaking and entering the store-house of one Roy Hammond, and taking therefrom certain articles of personalty, the property of said Hammond.   On September 11, 1931, a jury found Sam Austin, George Ledbetter, Dallas Ledbetter and Mayson Ledbetter guilty, but the trial judge granted the defendant Sam Austin a new trial, and he was again convicted on September 8, 1932.   Austin filed a motion for a new trial, based upon the usual general grounds and a single special ground complaining of the court's charge upon the law relating to the testimony of an accomplice.

It appears from the testimony adduced by the State that the store-house was broken open and entered and the specified property stolen therefrom as alleged in the indictment; that the morning after the burglary automobile tracks, corresponding with those made by the automobile in which the defendant and the Ledbetter

boys were traveling the night before, and leading from a place near the scene of the crime, led to the discovery of certain of the stolen articles in and about the Ledbetter home; that some of the stolen property was in the joint possession of the defendant and the Ledbetter boys very shortly after the burglary; and that the defendant drove said automobile to the home of the Ledbetters, and there helped his companions carry its contents into the house. The defendant made no statement, but, according to the testimony of the Ledbetter boys, they and the defendant purchased twenty-five gallons of whisky on the night of the burglary and swapped ten gallons of it to an unknown man for the groceries they carried to the Ledbetter home. The mother of the Ledbetters testified in part: "It was somewhere about daylight when they got home. Sam [the defendant] was with them when they got home at daylight the next morning. They brought some groceries up there." It clearly appears from the testimony of Mrs. Ledbetter and her sons that the defendant was with the Ledbetter boys from the time they left home early on the night of the burglary until they delivered the groceries at said home early the next morning. The defendant introduced witnesses who swore to his good character, but failed to adduce any testimony seriously tending to refute the State's case. The Ledbetters came from the "enemy's camp," and, in all probability, were not favorable to the State, which introduced them as witnesses. The testimony of each of the three Ledbetter boys was very similar, and the testimony of each one of them was corroborated by that of the other two. Furthermore, the testimony of all of them was corroborated in material parts by other facts and circumstances appearing in the record. Their rather unsatisfactory explanation of their possession of the stolen property was disbelieved by the jury; and we hold that the evidence supports the verdict, and that there is no merit in the general grounds of the motion for a new trial.

The charge complained of is as follows: "But if their testimony is corroborated by another witness or witnesses, or by corroborating circumstances that point to the guilt of the defendant, it may not be sufficient to convict him, but circumstances, or testimony of other witnesses that point to his guilt, have a tendency to point to his guilt, then you would be authorized to convict the defendant although the Ledbetter boys were accomplices. Of course, the amount of corroboration is left generally with the jury."

Immediately preceding the charge complained of the court instructed the jury as follows: "The testimony of a single witness is generally sufficient to establish a fact. Exception to this rule is made in the case of a felony where the only witness is an accomplice. In such a case corroborating circumstances may dispense with another witness. The corroborating circumstances referred to must be such as to connect the defendant with the perpetration of the crime and to show his participation therein. . . If you find that the Ledbetter boys and Austin committed this crime, then the Ledbetter boys who testified would be what the law calls accomplices, and you would not be authorized to convict on their testimony alone." The assignment of error under consideration is directed at the phrase, "have a tendency to point to his guilt;" it being urged in the ground that "to sustain a conviction upon the testimony of an accomplice, there must be corroborating circumstances which in themselves, and independently of the testimony of the accomplice, directly connect the defendant with the crime, or lead to the inference that he is guilty." This contention is in the language of *Baker* v. *State,* 14 *Ga. App.* 578 (4) (81 S. E. 805). In *Callaway* v. *State,* 151 *Ga.* 342 (106 S. E. 577), the court instructed the jury that "where the only witness is an accomplice, the corroborating circumstances referred to must be such as to connect the defendant with the perpetration of the crime and tend to show his participation therein." In the *Callaway* case the court said: "If the rule upon the subject of corroborating evidence, that corroborating circumstances must be such as, independently of the testimony of the accomplice, would lead to the inference of the guilt of the accused, and must in some way connect the defendant with the criminal act, is a stronger rule in favor of the defendant and means more than the rule laid down by the court in the charge actually given, then the charge given by the court is the better rule. Because, if the expression, 'corroborating circumstances must be such as, independently of the testimony of the accomplice, would lead to the inference of the guilt of the accused,' means that they must be such as to lead conclusively to the inference of the guilt of the accused, then the rule is too strong in favor of the accused. It is probable that where the Court of Appeals and the Supreme Court have used and approved that part of the charge embodied in the written request, and now under consid-

eration, they meant by it to state in different language the rule laid down in the court's charge; because, upon this subject, the case of *Childers* v. *State*, 52 *Ga.* 106, lays down the rule that has been followed in other decisions where the same subject is involved. There it is said: "The rule is and ought to be that *some facts* must be shown by other witnesses tending to show the guilt of the person on trial." And in the headnote in that case it is said, that in a case of felony, where the only witness implicating the prisoners in the crime was himself avowedly guilty, the corroborating circumstances necessary to dispense with another witness must be such as go to connect the prisoner with the offense, and that it is not sufficient that the witness is corroborated as to the time, place, and circumstances of the transaction, if there be nothing to show any connection of the prisoners therewith, except the statement of the accomplice. After referring to the able dissenting opinion of Chief Justice Warner in the *Childers* case, Justice Beck, the writer of the opinion in the *Callaway* case, further says: "But the rule laid down by the majority has obtained and now prevails. The language employed by Judge McCay in the *Childers* case in stating the rule is sometimes varied, but the language of that case is the best statement of the rule." Headnote 1 of the *Callaway* case reads as follows: "Upon the subject of the necessity of corroborating evidence and circumstances where the testimony of an accomplice with corroboration is relied upon by the State for conviction, the court instructed the jury in substance that the corroborating evidence must be such as tends to connect the defendant with the perpetration of the crime and to show his participation therein. This was a correct charge upon this subject; and the court did not err in refusing to give a charge, requested in writing, which stated a rule upon this subject correctly (if properly considered), but with less precision and exactness than the rule stated in the charge." "A conviction in a case of felony is sustainable upon the testimony of a single witness, though an accomplice, when the same is corroborated by other testimony connecting the accused on trial with the perpetration of the crime and tending to show his participation therein." *McCrory* v. *State*, 101 *Ga.* 779 (28 S. E. 921). See also *Langston* v. *State*, 153 *Ga.* 127 (3) (111 S. E. 561), which cites with approval both the *Callaway* and the *McCrory* cases. It will be observed that immediately before instructing the jury in

the language set out in the special ground under consideration, the court charged so much of section 1017 of the Penal Code (1910), as was applicable to this case, and further instructed them in the language used by the trial judge in the charge which was approved in the *Callaway* case, supra. It occurs to us that the charge complained of might have been construed by the jury as instructing them that the testimony of the Ledbetter boys—all of them, not one—should be corroborated by "circumstances or testimony of other witnesses that point to his guilt, have a tendency to point to his guilt," when the law is that "The testimony of one accomplice, if satisfactory to the jury, is sufficient corroboration of the testimony of another accomplice to authorize a conviction of felony." *Chance* v. *State,* 33 *Ga. App.* 137 (125 S. E. 730). See also *Williams* v. *State,* 31 *Ga. App.* 293 (1-*a*) (120 S. E. 550); *Stone* v. *State,* 118 *Ga.* 705 (5), 711-714 (45 S. E. 630, 98 Am. St. R. 145); *Pope* v. *State,* 171 *Ga.* 655 (156 S. E. 599). In the respect indicated the charge appears to have been more favorable to the accused than to the State. Our conclusion is that the charge complained of was not erroneous for any reason assigned.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*