31353. SWAIN *v.* THE STATE.

DECIDED OCTOBER 11, 1946.

J. O. *Ewing, Wesley R. Asinof,* for plaintiff in error.
E. E. *Andrews, Solicitor-General, Durwood T. Pye,* contra.

MacIntyre, J. ■ Error is assigned upon the court's charge on the subject of conspiracy, on the ground that there was no evidence to authorize such a charge. Robert Thomas and the defendant, Oscar Swain, were indicted for the murder of Cromwell Reid. The defendant only was on trial here. He was found guilty of manslaughter. Charlie Parks, an embalmer, testified in part for the State that the deceased died as the result of a knife wound in his heart, and that there were three knife wounds on his body. Julia Mae Tatum testified with respect to an altercation at her

house which resulted in the killing. With reference to the actual killing, she testified in part as follows: "About that time Robert Thomas grabbed Cromwell Reid, the man who got killed. They both rushed him. When I saw they were going to kill him I holloed and screamed. . . Robert Thomas and Oscar Swain were the two men who rushed him. Robert Thomas had a knife in his hand, and Oscar Swain had one in his hand. Cromwell Reid had a little knife, a little chain knife, something like that one. I went up and tried to catch hold of Robert Thomas, and asked Swain to help me hold him. He didn't want to try to help me. Cromwell Reid got cut, but I didn't see any cut place on him until after they [Thomas and Swain] left. When Oscar Swain went to go out the door Cromwell Reid stuck Oscar Swain in the back of the neck with a knife. Then he turned around on the day bed. Reid turned around on the day bed and didn't move any more." The testimony showed that the deceased was taken to the hospital and died from one of such knife wounds received on the occasion in question; and that, when Reid, as stated, stuck Swain, this was after Reid had been rushed by Swain and Thomas and. had received the above-referred-to knife wounds.

A criminal conspiracy has been defined as "'a combination or agreement between two or more persons to do an unlawful act, and this may be established by proof of acts and conduct, as well as by direct proof or express agreement.'" *Bolton* v. *State,* 21 *Ga. App.* 184, 188 (94 S. E. 95). A criminal conspiracy may be established by evidence that two or more persons, by some concerted action, combined to accomplish a criminal purpose by criminal means. Commonwealth *v.* Hunt, 4 Mass. 111 (38 Am. D. 346). In considering the question as to whether the evidence authorized a charge on conspiracy, we bear in mind the following rules: (a) "To justify a charge on a given subject, it is not necessary there should be direct evidence going to that point; it is enough if there be something from which a legitimate process of reasoning can be carried on in respect to it." *Holland* v. *Long,* 57 *Ga.* 36, 41 (3). (b) The jury are the sole judges of the facts, and it is their privilege to draw their conclusions from the entire evidence or a part of it. (c) It is the prerogative of the jury to believe certain parts only of the defendant's statement and to combine those parts with cer-

tain parts only of the evidence. (d) They may disbelieve the defendant's statement in whole or in part. (e) A conspiracy may be shown by direct or circumstantial evidence. *Randall* v. *State,* 73 *Ga. App.* 354 (36 S. E. 2d, 450). Applying these rules, we are of the opinion that there was sufficient evidence to authorize the judge to submit the question of whether there was a conspiracy at the time the mortal blow was given. *Davis* v. *State,* 114 *Ga.* 104, 107 (39 S. E. 906). This assignment of error is not meritorious.

■ After a verdict of guilty, in passing on the motion for a new trial, that view of the evidence most favorable to the State must be taken, for every presumption and every inference is in favor of the verdict. Under this rule and the rules stated in the preceding division of this opinion, the jury having found a verdict of guilty and the judge having approved it, we can not say that the evidence did not support the verdict. *Randall* v. *State,* supra.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*