### 32083.   BLAKELY *v.* THE STATE.

Decided October 22, 1948.   Rehearing denied December 15, 1948.

*William A. Fort, Foley & Chappell, Forrest L. Champion Jr., Samuel E. Kelly Jr.,* for plaintiff in error.

*Ed Wohlwender Jr., Solicitor-General, Hubert Calhoun,* contra.

MacINTYRE, P. J. ■ The judge charged the jury in the instant case in part as follows: "Now in this case, gentlemen, the defendant contends that one of the State's witnesses, to wit, one Tillery, was what in the law would be considered as an accom-

plice in this alleged crime, and I give you this principle of law, gentlemen, to govern you in considering the testimony of an accomplice: An accomplice is one who colludes and connives and contrives and conspires with another and in some way aids and abets in the commission of a crime, and I charge you this principle of law: The testimony of a single witness is generally sufficient to establish a fact. An exception to this rule is made in the case of a felony—and burglary is a felony—where the only witness is an accomplice; in such case corroborating circumstances may dispense with another witness. *The corroborating circumstances* referred to *must be such as to connect the defendant with the perpetration of the crime, and tend to show his participation therein.* Now, the State contends in this case that it has produced other witnesses and other facts and circumstances which corroborate the testimony of the witness Tillery. That is an issue for you to try and pass upon and you alone can determine it." (Italics ours.)

Complaint is made by the defendant in ground four, which is the first of the special grounds in his motion for new trial, that the charge was misleading to the jury because the court failed to instruct the jury anywhere in his charge that the corroborating circumstances must be such as in themselves and *independently* of the testimony of the accomplice *directly* connect the defendant with the crime or lead to the inference that he is guilty, and that in failing so to charge the court inferred to the jury that a combination of the testimony of the accomplice and facts which merely cast on the defendant a grave suspicion of guilt was sufficient to convict.

In *McCrory* v. *State*, 101 *Ga.* 779, 780 (28 S. E. 921), Lumpkin, P. J., speaking for the court, said: "Since the decision of this court in *Childers* v. *State*, 52 *Ga.* 106, the rule has been well settled that, in a case of felony, there can be no conviction upon the testimony of an accomplice, unless the same is corroborated by other evidence connecting the accused on trial with the perpetration of the crime, and tending to show his participation therein. This rule has been repeatedly stated and applied, and was recognized in the recent case of *Blois* v. *State*, 92 *Ga.* 584 [20 S. E. 12]." In those cases where the Supreme Court and the Court of Appeals have used language other than that in the

*Childers* case, it is probable that they meant by it merely to state in different language the rule laid down therein (*and charged by the court in the instant case*), "because, upon this subject, the case of *Childers* v. *State*, 52 *Ga.* 106, lays down the rule that has been followed in other decisions where the same subject is involved." *Callaway* v. *State*, 151 *Ga.* 342, 344 (106 S. E. 577).

In the charge here objected to the court charged, in the words which we have italicized, the rule approved in the *McCrory* and *Callaway* cases, supra, as well as in *Austin* v. *State*, 47 *Ga. App.* 217, 219 (169 S. E. 729), and in the many other cases which follow the well-settled rule in *Childers* v. *State*. This rule, of course, may be stated correctly in other words, as where the court in *McCalla* v. *State*, 66 *Ga.* 346, 349, and *Smith* v. *State*, 189 *Ga.* 169, 173 (5 S. E. 2d, 762), said that the language in Roscoe on Criminal Evidence, 122—"There should be some fact deposed to independently altogether of the evidence of the accomplice, which taken by itself, leads to the inference not only that a crime has been committed, but that the prisoner is implicated in it"—was a correct statement of the rule. However, this rule stated in the *McCalla* and *Smith* cases is not different in substance, but merely in language, from the rule in the *Childers* case, and in the *Blois*, *McCrory*, *Callaway*, and *Austin* cases, supra, which was followed by the court in the instant case; and the instruction here given to the jury was not subject to the objection urged.

■ Special ground 5 complains that the court erred in charging the jury as follows: "Now, gentlemen, flight is a mere circumstance of guilt when indulged in from a sense of guilt or consciousness of guilt. If flight is indulged in for any other purpose or cause, it would not be a circumstance to be considered by you. You are first to determine whether or not the defendant indulged in flight—that is, that he fled the realm and the vicinity in which the alleged crime is charged to have been committed. If he fled, then you will determine from the facts and circumstances in the case first, whether or not be fled; and if he fled, from what cause. Was it from consciousness of guilt or some other cause? If it was from consciousness of guilt and you so find, then you would consider the flight, but it would be only a slight circumstance as to the defendant's guilt. If he did not flee—and that is an issue

for you to try—he says he did not—then, gentlemen, you would not consider it at all. If he did flee, and fled not from a sense of guilt or consciousness of guilt, then, gentlemen, again you would not consider it. How all of that is, gentlemen, are questions of fact for you to determine." It is contended by the defendant that such charge was erroneous, in that there was no evidence on the question of flight which would justify such a charge, and that such a charge was injurious in that it allowed the jury to consider flight as a corroborating circumstance.

The testimony of Bush and of Newman that on the day after the burglary they went to North Carolina, and that while they were there they met the defendant in "a little old tourist camp," taken together with that part of the defendant's statement which admitted that about two weeks after October 12 or 13, 1946 (the burglary was committed on October 21, 1946), he "left here" (the city where the burglary was committed—his explanation being that he took this trip because he and his brother-in-law had a fight and that his brother-in-law threatened to kill him), and taken with the testimony of Policeman T. H. Slay, who sought to find and arrest the defendant, that he was unable to arrest the defendant because he could not locate him, and with other slight circumstances which appear in several instances throughout the record, was sufficient evidence to authorize the charge on flight as given by the court. *Callaway* v. *State,* 151 *Ga.* 342, 345 (2) (supra) ; *Grant* v. *State,* 122 *Ga.* 740, 741, 742 (50 S. E. 946) ; *Brown* v. *Matthews,* 79 *Ga.* 1 (2) (4 S. E. 13). Flight may be established by circumstantial, as well as by direct, evidence (*Terry* v. *State,* 15 *Ga. App.* 108 (2), 82 S. E. 635) ; and flight by one accused of crime, immediately after the alleged commission of the criminal act, may be considered by the jury together with the other evidence in the case in determining as to the guilt or innocence of the accused, though flight of itself may not be sufficient to establish guilt. *Barnett* v. *State,* 136 *Ga.* 65 (3) (70 S. E. 868) ; *Sewell* v. *State,* 76 *Ga.* 836; *Smith* v. *State,* 63 *Ga.* 168, 170 (18). This exception to the charge is not meritorious.

The defendant contends in special ground 6 that the judge erred in the following portion of his charge to the jury: "The State further contends, gentlemen, that recently after the commission of this alleged offense that the defendant was found in

possession of some parts of the fruits of the crime, and that is a matter for you to determine from the evidence in the case as to whether or not he was found in possession of some of the fruits of this crime. If he was, then, gentlemen, this principle of law which I shall give you would apply: If a crime should be committed as charged and property stolen as a result of such crime, and if recently thereafter the defendant should be found in possession of the stolen property, or some part of it, that would be a circumstance from which the jury would be authorized to convict, if they saw fit to do so, unless the defendant should make explanation of his possession of the stolen property consistent with his innocence, in the opinion of the jury, all of which are questions of fact for the jury. Now, first, gentlemen, you will determine whether or not he was found in possession of any of the fruits of the crime. If he was, then that principle of law would apply. If he was not, then it would not apply, and you would not be authorized to weigh it against him. That is an issue in this case, gentlemen, for you and you alone to determine." The ground of objection is that "said charge was . . not adjusted to the evidence and was misleading in that it allowed the jury to consider recent possession as a corroborating circumstance, and was not corrected elsewhere in the charge of the court."

The evidence relative to the ten-dollar bill, which was alleged to be the stolen fruit in the recent possession of the defendant, was: that the witness Rusk positively identified the bill as one which was in his safe at the time it was stolen in the burglary, and stated that the bill was discolored and marked by tape placed by him upon it; that the witnesses Newman and Bush met the defendant in North Carolina recently after the burglary, and the defendant then and there paid Bush $35 out of a large package of bills which had some type of tape or rubber around its edge; and that this bill was thereafter found in the possession of Bush when he was arrested. It will be noted that the objection is, not that the evidence tending to support the issue of recent possession of stolen goods is insufficient to convict, but is that under the facts of this case the charge was unauthorized by the evidence and that the court erred in submitting the issue to the jury. We do not think that under the facts appearing it was

reversible error to charge the jury on this issue and to allow them to consider whether this evidence amounted to a corroborating circumstance. *Brown* v. *Matthews,* 79 *Ga.* 1, 8 (supra); *Randall* v. *State,* 73 *Ga. App.* 354, 371 (36 S. E. 2d, 450). The charge was not subject to the objection urged.

■ The jury seem to have rejected the evidence introduced by the defendant which tended to prove an alibi; and they were authorized so to do. They were also authorized to reject the testimony of the confessed accomplice Earhart, in which he swore that the defendant took no part in the burglary, because they were authorized to find that this testimony was impeached by Officer Reese in his testimony as to a prior contradictory statement of the witness.

" 'A conviction in a case of felony is sustainable upon the testimony of a single witness, though an accomplice, when the same is corroborated by other testimony connecting the accused on trial with the perpetration of the crime and tending to show his participation therein.' . . But 'it is not required that this corroboration shall of itself be sufficient to warrant a verdict, or that the testimony of the accomplice be corroborated in every material particular. . . Slight evidence from an extraneous source identifying the accused as a participator in the criminal act will be sufficient corroboration of the accomplice to support a verdict. . . The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. If the verdict is found on slight evidence of corroboration connecting the defendant with the crime, it can not be said, as a matter of law, that the verdict is contrary to the evidence.' *Hargrove* v. *State,* 125 *Ga.* 270, 274 (54 S. E. 164); *Whaley* v. *State,* 177 *Ga.* 757 (171 S. E. 290)." *Newman* v. *State,* 63 *Ga. App.* 417 (2, 3) (11 S. E. 2d, 248). See also *Roberts* v. *State,* 55 *Ga.* 220 (3); *Mitchell* v. *State,* 202 *Ga.* 247, 248 (42 S. E. 2d, 767). "The facts relied upon as corroboration may be trifling when viewed by themselves and separately from the entire case; but the jury had the right to consider all the facts and to consider them in their relations one to another, and to determine whether or not, considering the facts and comparing them in their proper setting, under the evidence adduced, they tended to connect the defendant

with the commission of the crime and were a sufficient corroboration of the evidence of the accomplice to authorize a conviction of the accused under the law." *Callaway* v. *State*, 151 *Ga.* 342, 348 (supra).

Applying the rule as thus stated, the evidence authorized the verdict finding the defendant guilty of burglary, and the court did not err in overruling the motion for a new trial for any reason assigned.

*Judgment affirmed. Gardner and Townsend, J.J., concur.*