33293.  WALLS *v.* THE STATE.

DECIDED FEBRUARY 13, 1951.

*W. L. Nix,* for plaintiff in error.

*Hope D. Stark, Solicitor-General,* contra.

MacIntyre, P. J.  Newton E. Gunning, James R. Garmon, Ann Walls, and Ann Hanson, were jointly indicted for robbery. Ann Walls elected to sever and to be tried separately.  Her motion for a new trial, based upon the usual general grounds and seven special grounds, was overruled and she excepted.

"The jury were the sole judges of the facts and it was their privilege to draw their conclusions from the entire evidence or from any part of it." *Sutton* v. *State*, 123 *Ga.* 125, 127 (51 S. E. 316).  "It is the prerogative of the jury to believe certain parts only of the defendant's statement and to combine those parts with certain parts only of the evidence." *Goldsmith* v. *State*, 54 *Ga. App.* 268, 271 (187 S. E. 684).  If a witness testifies inconsistently, that circumstance goes to his credit, but does not authorize the court to hold that the testimony of a witness not a party has no probative value because it is inconsistent or self-contradictory. *Reaves* v. *Columbus Electric & Power Co.*, 32 *Ga. App.* 140 (3) (122 S.E. 824). Where there are conflicts in the testimony of witnesses, it is the duty of the jury to reconcile those conflicts if possible so as to make every witness speak the truth; however, if this can not be done, it becomes the duty of the jury to

believe those whom they think most entitled to credit. *Stiles* v. *State,* 57 *Ga.* 184 (5). A jury in arriving at a conclusion upon disputed issues of fact may believe a part of the testimony of a witness or witnesses, and reject another part of it, since it is the duty of the jury to ascertain the truth of the case from the opinion they entertain of all the evidence submitted for their consideration. *Reaves* v. *Columbus Electric & Power Co.,* supra. After a verdict of guilty, in passing on a motion for a new trial, that view of the evidence most favorable to the State must be taken, for every presumption and every inference is in favor of the verdict. *Johnson* v. *State,* 69 *Ga. App.* 663 (2) (26 S. E. 2d, 482); *Randall* v. *State,* 73 *Ga. App.* 354, 368 (36 S. E. 2d, 450).

Applying the foregoing rules to the facts of this case, the jury were authorized to find the following: Newton E. Gunning, James R. Garmon, Ann Hanson, and the present defendant, Ann Walls, all of whom had been jointly indicted for the robbery here in question, started out together on the morning of the day of the robbery, and were riding around together until late that night. The two girls ate during the day but did not drink any whisky. The two men were eating and drinking, drinking "pretty heavy." When the two men were practically out of whisky, one of them said that he would like to get some more whisky. The defendant, Ann Walls, said that she knew where they could get it, but another of them said, "Yes, but we are broke, just about it," and the defendant said, "Well, this guy down there runs a bootleg joint; you can go down there and take his money away from him; he is a small guy; they won't call the law; they would be afraid [to be ?] investigated themselves." The four of them (Gunning, Garmon, Hanson, and the defendant) proceeded to the place suggested by the defendant. The girls remained in the automobile while the two men went into the place (the Little Casino) which was operated by Mr. Townsend, the prosecutor in this case, and robbed him. Mrs. Smith, a partner in the operation of the Little Casino saw the four (Gunning, Garmon, Hanson, and the defendant) drive up to the Little Casino and saw the defendant Ann Walls in the car from which the two men alighted when they went into the Little Casino. The two men returned to the car and pitched

the money back between the two girls, Ann Hanson and the defendant, and told them to put the money in a sack. The defendant put the money in a sack and threw the cash drawer, from which she had taken it, out the window of the car. The money was in silver, and the four of them went to another place of business and got it changed into paper money. Ann Hanson did this, and when she returned to the car, she placed the money in the defendant's lap, and she (the defendant) divided the money between them, giving Gunning $7, Garmon $8, and she and Ann Hanson received $6 each. Townsend, the operator of the Little Casino which had been robbed, testified that he had lost $27 through the robbery, and this was the amount which she divided among the four of them. Having been authorized to find the foregoing facts, the jury were authorized to find the defendant Ann Walls guilty of robbery.

■ Special grounds 2 and 3 contain exceptions to excerpts from the charge on conspiracy. These grounds do not attack the correctness of the charge as given, but contend that the evidence did not support a charge on conspiracy. In *Swain* v. *State,* 74 *Ga. App.* 391, 392 (39 S. E. 2d, 727), it is stated: "A criminal conspiracy has been defined as 'a combination or agreement between two or more persons to do an unlawful act, and this may be established by proof of acts and conduct, as well as by direct proof or express agreement.' *Bolton* v. *State,* 21 *Ga. App.* 184, 188 (94 S. E. 95). A criminal conspiracy may be established by evidence that two or more persons, by some concerted action, combined to accomplish a criminal purpose by criminal means. Commonwealth *v.* Hunt, 4 Mass. 111 (38 Am. D. 346). In considering the question as to whether the evidence authorized a charge on conspiracy, we bear in mind . . [the rule that] 'to justify a charge on a given subject, it is not necessary there should be direct evidence going to that point; it is enough if there be something from which a legitimate process of reasoning can be carried on in respect to it.' *Holland* v. *Long,* 57 *Ga.* 36, 41 (3)."

From a consideration of the evidence set out in division 1 of this opinion and the rules of law there stated, the jury were authorized to find that a conspiracy was formed to commit the robbery, and that the defendant, Ann Walls, participated in it.

The court did not err in instructing the jury upon the law of conspiracy. These grounds are without merit.

■ In special ground 4, error is assigned on the charge, in that under the charge the jury were authorized to find the defendant guilty if she or either of the other three codefendants conspired to commit the crime of robbery, whereas the State had elected to try the case upon the theory that a conspiracy to commit the robbery existed among all four of the indicted defendants; and, therefore, it was necessary that the State prove that all four entered into the conspiracy to commit the robbery, and the court should not have authorized the jury by its charge to convict the defendant upon proof of a conspiracy to commit the robbery among less than all four of the defendants named in the indictment. We think that the court's instruction upon the subject of conspiracy was correct. The indictment contained no allegation of conspiracy to commit robbery entered into by all four of the defendants such as to require proof of a conspiracy composed of all four of the defendants, nor was it necessary to allege a conspiracy. We think that the charge was not subject to the objections urged against it. *Dixon* v. *State,* 116 *Ga.* 186 (8) (42 S. E. 357) ; *Slaughter* v. *State,* 113 *Ga.* 284, 288 (38 S. E. 854) ; *Coleman* v. *State,* 141 *Ga.* 731 (2) (82 S. E. 228) ; *Daniels* v. *State,* 58 *Ga. App.* 599 (199 S. E. 572).

■ Special grounds 5 and 6 are closely related upon principle and are determined here together. In special ground 5, error is assigned upon the following excerpt from the charge of the court: "In felony cases, the testimony of one accomplice is not alone of itself sufficient to sustain a conviction, unless such testimony is corroborated by other competent evidence which you do believe, or by the facts and circumstances developed by the trial." The error assigned upon this excerpt is that the court's use of "one accomplice" instead of "an accomplice" in this portion of the charge intimated to the jury that more than one accomplice had testified, and that, therefore, there was sufficient corroboration. Error is also assigned on the ground that the court failed to explain to the jury what other competent evidence would be sufficient to corroborate an accomplice, such as, that evidence sufficient to corroborate an accomplice must be by some independent facts or circumstances which, taken by

themselves, lead to the inference not only that the crime had been committed, but that the defendant was implicated.

In special ground 6, error is assigned upon the following excerpt from the charge: "If you find from the evidence that the witness, or witnesses, was an accomplice, then before you would be authorized to convict the defendant on that testimony of such witness, or witnesses, the corroborating facts and circumstances must be such, as independent of the testimony of such witness alone, would lead to the inference of the defendant's guilt, and must in some way connect the defendant with the criminal act charged. Corroboration referred to here may be by testimony of another accomplice or accomplices." The error assigned upon this excerpt is that the charge instructed the jury that one accomplice might corroborate another accomplice, whereas the testimony of an accomplice must be corroborated by some independent facts or circumstances which, taken by themselves, lead to the inference not only that the crime was committed, but that the defendant was implicated in its commission, whether the testimony of one accomplice is corroborated by that of another or not. The defendant further contends that the charge was erroneous in that the testimony of one accomplice is not, of itself, sufficient corroboration of the testimony of another accomplice.

"The testimony of one accomplice, if satisfactory to the jury, is sufficient corroboration of the testimony of another accomplice to authorize a conviction of felony." *Chance* v. *State*, 33 *Ga. App.* 137 (125 S. E. 730). This means, of course, that the testimony of the corroborating accomplice must go to connect the defendant with the offense. *Stone* v. *State*, 118 *Ga.* 705 (5) (45 S. E. 630); *Pope* v. *State*, 171 *Ga.* 655 (156 S. E. 599); *Austin* v. *State*, 47 *Ga. App.* 217, 221 (169 S. E. 729).

In *Williams* v. *State*, 31 *Ga. App.* 293 (1-a) (120 S. E. 550), it is stated: "Two accomplices testified in this case, each corroborating the other, and under the ruling made in the case of *Stone* v. *State* . . [supra], one accomplice can corroborate another. Therefore, the conviction of the defendant would have been authorized even had there been no other evidence connecting him with the crime."

We think that the excerpt in ground 6 sufficiently explained

to the jury that, in order to corroborate one accomplice, the testimony of another accomplice must be such as, independent of the testimony of the first accomplice, would lead to the inference of the defendant's guilt and would in some way connect the defendant with the crime charged. Having met this requirement in his testimony, the testimony of one accomplice is sufficient corroboration of the testimony of another accomplice.

We fail to see how, under the circumstances of this case, the court's use of the words, "one accomplice," instead of "an accomplice," constituted an intimation that more than one accomplice had testified or that any accomplice at all had testified in the case. At the point in the charge at which these words were used, the court was stating the abstract principle of law upon the necessity of corroborating the testimony of an accomplice; and the court expressly left it for the jury's determination whether or not any witness who had testified on the trial of the case was an accomplice. These special grounds are not meritorious.

■ In special ground 1, the defendant contends that she, Gunning, Garmon, and Hanson, were all charged with the offense of robbery in the same indictment; that she had elected to sever and to be tried separately; but that the panel of jurors, which was put upon her from which to select a jury for her trial, was present in the courtroom during the trial of Gunning and Garmon and heard the evidence in that trial and also heard it announced that the defendant Hanson had pleaded guilty under the same indictment; and that upon these grounds counsel for the defendant moved for a continuance for the term or until a new and impartial jury could be summoned, and that the court erred in overruling the motion.

Regardless of whether a motion for a continuance is technically the proper manner of raising the question of the qualifications and impartiality of the jurors here in question, we think that this ground is without merit; but, before enumerating the reasons for this conclusion, let us say from the outset that the act of 1949 (Ga. L. 1949, p. 1082) is in no way determinative of the question of the qualifications of jurors and their impartiality. The Supreme Court in Cade v. State, 207 Ga. 135 (60 S. E. 2d,

653), has held that so much of that act as purports to deal with the selection of jurors in criminal cases is unconstitutional.

In *Schnell v. State*, 92 *Ga.* 459 (17 S. E. 966), it was held that it was no cause of challenge to the array that some of the jurors constituting the array had just served as a jury for another person indicted for a like offense growing out of the same transaction, that a verdict of guilty had been rendered in that case, and that the witnesses and the evidence in the defendant's (Schnell's) case would be the same as they were in the former.

In *Hyde v. State,* 196 *Ga.* 480 (26 S. E. 2d, 744), it was held: " 'That jurors at some previous trial of the prisoner under the same indictment, have been put upon him and one or more of them rejected by him, does not disqualify them, and is not good even as challenge to the poll.' *Blackman v. State,* 80 *Ga.* 785 (2), 788 (7 S. E. 626) . . Nor does the fact that some of the jurors had heard testimony delivered on a former trial of the case afford ground for a new trial, it not appearing that such jurors, from having heard the testimony delivered on oath, had formed and expressed any opinion as to the guilt or innocence of the accused."

In *Robinson v. State,* 82 *Ga.* 535 (4) (9 S. E. 528), the court stated: "The array was not disqualified by hearing the evidence alone without forming or expressing any opinion thereon." In the body of the opinion in that case (at page 545) it was held: "The challenge both to the array and to the polls was properly overruled. Although it appeared that the jurors were present and heard the evidence delivered on oath, it did not appear that they or any of them had formed and expressed any opinion as to the guilt or innocence of the party making the challenge."

For the foregoing reasons we think that, even if we treat the assignment of error as an exception to the court's refusal to permit the challenge to the array or to the polls, this ground is without merit.

■ Special ground 7 is but an elaboration of the general grounds and has been considered and disposed of in division 1 of this opinion.

The court did not err for any reason assigned in overruling the motion for a new trial.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*