PARTEE *vs.* THE STATE OF GEORGIA.

1. The evidence in this case failed to prove an *alibi.*
2. Voluntary confessions are sufficient to corroborate the testimony of an accomplice so as to support a verdict of guilty.
(*a.*) In this case there was also further corroboration by proof of the *corpus delicti.*
3. Newly discovered evidence, the object of which is to impeach witnesses examined on the trial, will not cause the grant of a new trial.

Criminal Law.    New Trial.    Before Judge ERWIN. Clarke Superior Court.    May Term, 1881.

Partee was indicted for burglary.   The testimony for the state showed that a store was burglarized and goods taken therefrom ; also that the defendant confessed having committed the burglary to a fellow prisoner while in jail.   A confessed accomplice also gave a detailed history of the entire transaction.   The defendant sought to prove an *alibi*, in that he was at a dance on the night of the burglary ; but the testimony showed that the dance occurred near the scene of the crime, and that he was absent from the party from about 11 P. M. to 1 A. M.

The verdict was guilty.   After refusal of a new trial, defendant excepted.

POPE BARROW ; T. W. RUCKER ; H. H. CARLTON ; E. K. LUMPKIN ; A. J. COBB, for plaintiff in error.

A. S. MITCHELL, solicitor general; GEORGE D. THOMAS, for the state.

JACKSON, Chief Justice.

The defendant was convicted of burglary and moved for new trial on three grounds, which was refused him by the presiding judge, and he excepted.

1. The first ground is that he proved an *alibi,* and that the jury found against the weight of evidence on that

point. The *alibi* is not satisfactorily proved by any means. Indeed no effort was made by defendant to prove it; for he offered no proof, but relied on his statement. So far from the state's witnesses showing an *alibi*, they prove that he was away from the dancing party two or three hours during the very time the burglary was committed.

2. The second ground is that the court erred in charging the jury to the effect that the confession of the defendant was sufficient proof of corroboration to support the testimony of the accomplice and to authorize a legal conviction, if they believed that he had voluntarily and freely made it.

It is argued that as the confession, uncorroborated, itself would not be sufficient to convict, therefore it is not sufficient to prop up the testimony of the accomplice so that the two sorts of testimony together can legally convict. This is a *non sequitur*. On the contrary, the testimony of the accomplice would be wholly valueless, if it must be corroborated with evidence outside of itself which would legally be ample to convict. The testimony of the accomplice is good, competent evidence, but must be strengthened by other good and competent evidence in order to have sufficient force to carry legal conviction. That other legal evidence need not absolutely fix conviction, but only tend to fix it. 52 *Ga.*, 106. So also it was ruled at the last term, in the case of *McCalla vs. The State*. Slight circumstances will suffice to support and corroborate the accomplice and make the conviction legal. 55 *Ga.*, 220. True, the corroborating circumstances must connect the defendant on trial with the crime; but surely his own free confession is as strong proof to show his own connection therewith as the strongest chain of circumstances, and much stronger than any number of slight links in an attenuated chain. We think, therefore, that the court did not err in the charge. But the fact is, that in this case the charge did not hurt even if erroneous; because

the confessions were corroborated in the manner held by this court to be sufficient, that is by proof of the *corpus delicti.* 45 *Ga.*, 44; 63 *Ib.*, 339.

The accomplice is therefore corroborated in this case by the confessions, and the confessions by the *corpus delicti.* The confessions so corroborated are sufficient to convict, and not only tend to fix guilt but actually to establish it. Therefore these confessions, corroborated as they are, come up even to the rule contended for by counsel for plaintiff in error.

But we put the case squarely where the court below put it in the charge, and hold that the confession alone is enough to corroborate the accomplice and to convict the defendant.

3. The third ground is newly discovered testimony.

On scanning the affidavits it will be seen that they all go solely to impeach witnesses for the state; some by proving what the witnesses said after the trial, and others by other and more regular modes of impeachment. Neither will authorize a new trial. 60 *Ga.*, 210; 59 *Ib.*, 391.

We conclude, therefore, that the superior court was right to uphold the verdict and deny the motion for a new trial. The verdict is supported by abundant legal proof, and must stand.

Judgment affirmed.