### 28450.  NEWMAN *v.* THE STATE.

MacINTYRE, J.  1.  "Where the only witness implicating the prisoners in the crime was himself avowedly guilty, the corroborating circumstances necessary to dispense with another witness must be such as go to connect the prisoner with the offense, and . . it is not sufficient that the witness is corroborated as to the time, place and circumstances of the transaction, if there be nothing to show any connection of the prisoners therewith except the statement of the accomplice." *Childers* v. *State*, 52 *Ga.* 106, 107.  Where one voluntarily confesses the commission of a crime, though he have accomplices in the commission thereof, proof of the corpus delicti, independently of the confession, is sufficient to corroborate the confession and authorize a conviction of the confessor.  But proof of the corpus delicti, even though independently of the confession or evidence of an accomplice, does not at all corroborate the testimony of the confessing accomplice so as to authorize a conviction of another accomplice who has not confessed.  Voluntary confessions are sufficient to corroborate the testimony of an accomplice, so as to support a verdict of guilty against a confessor and him only. *Sanders* v. *State*, 46 *Ga. App.* 175 (167 S. E. 207) ; *Partee* v. *State*, 67 *Ga.* 570.

2.  "A conviction in a case of felony [hog stealing] is sustainable upon the testimony of a single witness, though an accomplice, when the same is corroborated by other testimony connecting the accused on trial with the perpetration of the crime and tending to show his participation therein." *McCrory* v. *State*, 101 *Ga.* 779 (28 S. E. 921) ; Code, § 38-121.

3.  But "it is not required that this corroboration shall of itself be sufficient to warrant a verdict, or that the testimony of the accomplice be corroborated in every material particular. . .  Slight evidence from an extraneous source identifying the accused as a participator in the criminal act will be sufficient corroboration of the accomplice to support a verdict. . .  The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine.  If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it can not be said, as a matter of law, that the verdict is contrary to the evidence." *Hargrove* v. *State*, 125 *Ga.* 270, 274 (54 S. E. 164) ; *Whaley* v. *State*, 177 *Ga.* 757 (171 S. E. 290).

4.  In the present case the corroborating evidence relied upon by the State was sufficient to meet the requirements of the rules above announced.  The evidence authorized the verdict finding the defendant guilty of hog stealing, and the judge did not err in overruling the motion for new trial.    *Judgment affirmed.    Broyles, C. J., and Gardner, J., concur.*

DECIDED OCTOBER 22, 1940.

418

*J. P. Dukes,* for plaintiff in error.
*R. L. Dawson, solicitor-general,* contra.