### 44932. CONSOLIDATED PECAN SALES COMPANY v. SAVANNAH BANK & TRUST COMPANY et al.

HALL, Presiding Judge. Suit was filed by two banks against Consolidated Pecan on September 16, 1963, for a debt claimed due and also asking for a receivership. In June 1969, the defendant moved for a dismissal of the suit on indebtedness on the ground that the lapse of five years would work an automatic dismissal under former *Code Ann.* § 3-512 (*Code Ann.* § 81A-141 (e)). While there were no orders within this period of time directly concerning the debt action itself, the defendant concedes there were a multitude of orders dealing with the receivership. The defendant filed a notice of appeal from the order of the superior court overruling its motion to dismiss the suit upon the indebtedness. There is no certificate by the trial court for an immediate appeal of this pre-trial order. The appeal is therefore premature and must be dismissed. See *Rockmart Finance Co. v. High,* 118 Ga. App. 351 (163 SE2d 758).

An able jurist, Justice Sam Erwin of the Supreme Court of North Carolina, later elected to the United States Senate, equates the mandate of the Magna Carta, "To no one will we deny justice, to no one will we delay it" with the law's policy against piecemeal appellate review: "There is no more effective way to procrastinate the administration of justice than that of bringing cases to an appellate court piecemeal

through the medium of successive appeals from intermediate orders." Veasey v. City of Durham, 231 N.C. 357, 363 (57 SE2d 377).

We note from the record that this case is now over six years old, and we readily agree with the appellant that it should quickly be brought to a final determination. It was not the law, but the "law's delay" that Hamlet urged as a reason for suicide.

*Appeal dismissed. Deen and Evans, JJ., concur.*

SUBMITTED JANUARY 12, 1970—DECIDED JANUARY 21, 1970.

*Smith, Gardner, Wiggins, Geer & Brimberry, Jerry W. Brimberry,* for appellant.

*Divine, Busbee & Wilkin, George D. Busbee, Perry, Walters, Langstaff, Lippitt & Campbell, Jesse W. Walters,* for appellees.