49769. GAUDIN v. THE STATE.

Clark, Judge.

By coincidence[1] this division of our court and the writer of this opinion are again called upon to consider an appeal by another alleged participant in the burglary case previously reported as *Quaid v. State,* 132 Ga. App. 478 (208 SE2d 336). "The Mystery of the Missing Millions in Municipals" would be an appropriate alliterative allusion appertaining to this appeal.

Our former opinion details the facts in which appellant Gaudin together with LeBlanc were accused of having been the two individuals who actually burglarized the office of a securities brokerage concern and pilfered

---

[1] Cases in our court are assigned through strict numerical rotation.

therefrom more than $8,000,000 in negotiable bonds. This was claimed to have been done with the aid of a diagram of the firm's lay-out and the safe combination furnished by Alley, an employee of the firm who could be dubbed the "inside man." The fourth conspirator was Quaid, a New Orleans lawyer, whose conviction marked him as having as his assignment in the plot the disposing of the loot.

LeBlanc and Alley pleaded guilty and testified for the state. Appellant Gaudin and co-defendant Quaid were tried jointly but with separate counsel. Each appealed independently from his conviction. In *Quaid* we passed on twelve assignments which he regarded as errors affecting his trial. After we affirmed his conviction Quaid applied for certiorari to the Supreme Court. During the pendency of that application this appeal was presented with three enumerations of error, this being done by new counsel selected for this appeal. As the Supreme Court has recently denied certiorari in *Quaid,* we consider Gaudin's three enumerations in the light of our *Quaid* opinion.

1. Gaudin's first assignment reiterates the contention made by Quaid that the trial judge erred in taking away from the jurors the right to sentence appellant after they had deliberated 45 minutes and had indicated to the court an agreement could be reached if they were allowed an additional five minutes. As was urged by Quaid, Gaudin argues this action was an abuse of discretion. Capable counsel here additionally argues this constituted a denial of Gaudin's right to have the jury fix his punishment. On the basis of Supreme Court holdings which we cited and followed in Division 3 of our previous opinion at page 486, we must rule again that there was no abuse of the discretion which was vested in the trial judge under the bifurcated procedure then in effect. See also *Hensley v. State,* 228 Ga. 501 (5) (186 SE2d 729) where the period of time was one hour and the Supreme Court said "We are not prepared to say that in the exercise of this power [conferred by the statute appearing as Code Ann. § 27-2534] the judge abused his discretion or that the jury had not been afforded a reasonable time to agree on the punishment."

2. Appellant's second enumeration of error was based upon an allegedly improper argument to the jury by state's counsel. Gaudin complains concerning the personal comment which we quoted in subdivision (A) at p. 484 of the *Quaid* opinion. Our discussion on pp. 483, 484, and 485 and the Supreme Court rulings cited therein confirm there is no legal merit in this contention.

3. Appellant's third enumeration of error argues the general ground that the verdict is contrary to the evidence and without evidence to support it. Here again, as was presented in *Quaid,* we are faced with determining if there is sufficient evidence corroborating the testimony of the accomplices, LeBlanc and Alley, to meet the legal standards to support a conviction; namely, corroborating circumstances which in themselves and independently of the testimony of the accomplices directly connect the defendant with the crime or lead to the inference that he is guilty.

In the first division of our previous opinion at page 481 we quoted from *Pitts v. State,* 128 Ga. App. 434, 435 (197 SE2d 495) the general principle to be that " '[T]he law specifically lays down the rule that if the accomplice is *corroborated in material parts of his testimony,* then he may be believed by the jury as to other material parts as to which there is no corroboration.' " Our Supreme Court in *West v. State,* 232 Ga. 861 says: "This statement must be viewed in the context of Code § 38-121. When an accomplice's testimony is corroborated in material part, other uncorroborated testimony may be believed by the jury, with one important exception. Under § 38-121, testimony which concerns the identity of other participants must be corroborated by some means independent of the testimony of the accomplice. One who is guilty of a crime in which he participated will always be able to relate the facts of the case and if the corroboration goes only to the truth of that history, without identifying the person accused, it is really no corroboration at all.

"Therefore, a distinction must be made between evidence which tends to prove the truth of the accomplice's general testimony and that which tends to prove the identity and participation of the accused. With

regard to the former, the rule as stated by the Court of Appeals, is accurate. This means that an accomplice's testimony is more believable when it is corroborated in material part. But in so far as the participation and identity of the accused is concerned, there must be independent corroborating evidence which tends to connect the *accused* with the crime.

"Simply because an accomplice's testimony is corroborated in most details, it does not follow that his testimony alone as to the identity and participation of the accused is sufficient to justify conviction."

Our review of the trial transcript confirms that the incriminating evidence as to this appellant aside from the testimony of the co-defendant accomplices, LeBlanc and Alley, meets the required standards of *Pitts v. State,* supra, as clarified in *West v. State,* supra. This independent corroborating evidence consists of the following: The long distance telephone calls from appellant's telephone to LeBlanc and Quaid as shown by state's exhibits 44, 45 and 49; Gaudin's admission to meetings at the airport and his telephone calls to Quaid even though he explains these as being related to personal legal problems being handled by Attorney Quaid (T. 703) (which the jury as judges of credibility rejected by their verdict); and the testimony of an employee of Gaudin in his construction business dealing with an incriminating incident following the appearance of the employee's name on the list of state witnesses. (T. 733).

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED OCTOBER 7, 1974 — DECIDED NOVEMBER 7, 1974.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, William M. Weller, Joel M. Feldman, Assistant District Attorneys,* for appellee.