## 49865. NIX v. THE STATE.

QUILLIAN, Judge.

The defendant Kenneth Nix, along with Fred Carroll and Charles Ray Hooker, was indicted in Murray County, Georgia, for the offense of arson in the first degree. The jury found him guilty and sentence was entered thereon. Notice of appeal was filed from the judgment of conviction.

Defendant was tried alone. Co-defendant, Fred Carroll, was in custody of prison officials at the time of indictment but was not arrested under this indictment. Co-defendant, Charles Ray Hooker, was granted immunity from prosecution to testify for the state.

On June 20, 1973 at around 12:00 p.m., an explosion occurred at the home of Horace Cantrell in Chatsworth, Georgia, resulting in damage to the porch at the corner of the house. A neighbor arrived at the scene soon after the explosion and informed an officer with the Chatsworth Police Department that he saw two people run into the woods. No pieces of dynamite were found at the scene; however, two separate pieces of fuse were found. A cache of dynamite was found hidden in the woods several miles out of town "toward Fort Mountain."

Co-defendant, Charles Ray Hooker, testified that he agreed to help co-defendant, Fred Carroll, blow up the Cantrell house for which the defendant was willing to pay $200. He testified that he and Carroll obtained some dynamite in a brown paper bag and hid it on Fort Mountain; that Fred Carroll was arrested prior to the bombing and was in jail at the time it occurred. He further testified that he placed a stick of dynamite with

one fuse in a concrete block under the Cantrell front porch on the night of the explosion and that no one else was with him; that the defendant paid him $200 the night after the explosion.

Other facts adduced from testimony of various witnesses were as follows. At approximately 1:30 a.m. on the night of the explosion the defendant and another individual were seen walking north on 4th Avenue some distance from the house. The defendant's tavern had been closed by the City Council of which Cantrell was a member. Subsequent to the explosion, Hooker was seen on several occasions having conversations with defendant at defendant's tavern.

The defendant was arrested on the afternoon the indictment was returned against him at a car rental office in Dalton, Georgia, some two hours after defendant telephoned the car rental agency to rent a car, at which time he informed the rental agency he was putting his car in the shop for repairs. Defendant surrendered to the arresting officer without incident, and at the time of his arrest he was carrying a loaded hand gun and $1,032. On the same day, a search of defendant's residence revealed two suitcases "full of men's clothing" under the bed. *Held:*

The defendant's principal contention is that the verdict was not supported by the evidence since the statements made by the alleged accomplice were not supported by corroborating evidence or testimony.

Under the statute requiring corroboration of an accomplice's testimony in any case of a felony (Code § 38-121), corroborating circumstances must connect the defendant with the crime independently of accomplice's testimony and it is not sufficient that the accomplice be corroborated with respect to time, place and circumstances if there is nothing to connect the defendant therewith. *Lanier v. State,* 187 Ga. 534 (1 SE2d 405). "Simply because an accomplice's testimony is corroborated in most details, it does not follow that his testimony alone as to the identity and participation of the accused is sufficient to justify conviction." *West v. State,* 232 Ga. 861, 865 (209 SE2d 195).

It is true that the testimony of another accomplice

can be used to corroborate testimony of one accomplice. *Wise v. State,* 52 Ga. App. 98, 99 (182 SE 535); *Pope v. State,* 171 Ga. 655 (156 SE 599); *Park v. State,* 224 Ga. 467, 476 (162 SE2d 359). Furthermore, a confession can be used to corroborate the testimony of an accomplice. *Partee v. State,* 67 Ga. 570 (2); *Schaefer v. State,* 93 Ga. 177 (1) (18 SE 552). However, "voluntary confessions are sufficient to corroborate the testimony of an accomplice so as to support a verdict of guilty against the confessor and him only." *Newman v. State,* 63 Ga. App. 417 (11 SE2d 248). See *Sanders v. State,* 46 Ga. App. 175 (1) (167 SE 207). Here, the only confession or admission, as related by testimony of the sheriff, was made by the sole accomplice who testified.

There is considerable evidence in the record tending to show that the defendant in this case had ample motive to commit the crime with which he was charged. However, mere motive is not sufficient corroboration. *Williams v. State,* 152 Ga. 498, 523 (110 SE 286).

Assuming but not deciding that flight, alone, would serve to corroborate an accomplice's testimony (see in this connection 41 CJS 36, Homicide, § 319 (c); 30 AmJur2d 333, Evidence, § 1159; Anno., 87 ALR 767), here there was insufficient evidence to sustain a finding that the defendant fled or was attempting to flee at the time of his arrest.

It is also true that conduct on the part of the defendant may act to corroborate the testimony of an accomplice. *Mercer v. State,* 68 Ga. App. 740 (24 SE2d 69). Here, the actions of the defendant as related by other witnesses tend to show the veracity of the accomplice's testimony as to time, place and circumstances of events surrounding the commission of the crime. Nevertheless, none of the testimony tended in any way to directly or indirectly substantiate the guilt of the defendant. That being true there was insufficient corroboration within the meaning of Code § 38-121.

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

SUBMITTED NOVEMBER 4, 1974 — DECIDED
NOVEMBER 26,1974.

*Sam F. Little,* for appellant.
*Samuel J. Brantley, District Attorney,* for appellee.