## 50843. JUSTICE v. THE STATE.

CLARK, Judge.

Justice and Murphy were jointly indicted for the offense of theft by taking in violation of Code § 26-1802. Murphy entered a plea of guilty, while Justice

maintained his innocence at trial. From the judgment of the court entered upon the jury's verdict of guilty, a direct appeal is taken to this court. Error is enumerated upon the general grounds and upon a portion of the court's charge dealing with the law of conspiracy. *Held:*

1. " 'After the verdict, the testimony is construed in its most favorable light to the prevailing party, which in this case is the State, for every presumption and inference is in favor of the verdict.' " *Townsend v. State,* 127 Ga. App. 797 (195 SE2d 474); *Bell v. State,* 21 Ga. App. 788 (95 SE 270).

Murphy, defendant's co-indictee, testified for the state. He stated that he and defendant were performing installation work for Murphy's employer. They had both been drinking and soon abandoned their labors. Defendant and Murphy began loading the employer's carpenter tools and equipment into Murphy's car and then drove away in an effort to sell the goods. Several of the stolen items were sold to individuals in the vicinity. Two such persons testified that defendant and Murphy sold them the goods, and one of these witnesses stated that he paid the money directly to defendant. The employer identified as the stolen merchandise the items which defendant and Murphy sold, as well as other property recovered from Murphy's car.

While a felony conviction may not be lawfully based upon the testimony of an accomplice in the absence of corroborating evidence connecting the accused to the perpetration of the crime, it is not essential that the accomplice's testimony be corroborated in every material detail. *Dixon v. State,* 116 Ga. 186 (42 SE 357). Sub judice, the defendant was shown, independently of his accomplice's testimony, to have possessed the stolen property immediately following its theft, to have sought actively to sell the merchandise, and to have profited from the sale of the goods. This evidence was sufficient corroboration to sustain the jury's verdict. See *McPherson v. State,* 96 Ga. App. 839 (101 SE2d 750). Defendant's enumerations of error based upon the general grounds are therefore without merit.

2. In defendant's remaining enumeration of error, he asserts that there was no evidence presented which

warranted the court's charge on conspiracy. It is further alleged that Murphy's testimony revealed no prior agreement between the two indictees to commit the theft.

"The evidence justified the instruction complained of; it showed concert of action between the defendant and his co-indictee; that their minds united and concurred in a common intent and purpose to commit an unlawful act; that each assisted the other in accomplishing a common design; and that an unlawful act was committed by them while they were thus acting together, aiding and abetting each other. By reasonable deductions from their acts and conduct, the jury was authorized to infer that the defendant and his co-indictee, as joint conspirators, corruptly agreed with each other to commit the unlawful act of which they were charged by the grand jury. And since an agreement between two or more persons to commit an unlawful act may be found from their acts and conduct alone, it is not necessary to show any prearrangement between them to thus commit such an act. [Cits.]" *Chappell v. State,* 209 Ga. 701, 704 (75 SE2d 417). The conspiracy charge was, therefore, warranted, and defendant's exception to it is not meritorious.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

SUBMITTED JUNE 26, 1975 — DECIDED SEPTEMBER 3, 1975 — REHEARING DENIED SEPTEMBER 30, 1975 — ▮▮▮▮▮▮

*Cathey & Strain, Edward E. Strain, III,* for appellant.

*V. D. Stockton, District Attorney,* for appellee.