## 52352. VAUGHN v. THE STATE.

MARSHALL, Judge.

Vaughn appeals his conviction of violations of the Georgia Controlled Substances Act in that he possessed marijuana on one occasion and sold a quantity of marijuana on another occasion, each amount being more than one ounce. He was sentenced to pay a fine of $1,000 on each count and to serve two years on the possession offense concurrently with a three year sentence on the sale count. His motion for new trial was denied and this appeal followed. Vaughn enumerates as error the denial of his motion for new trial on the general ground that the verdict is contrary to the evidence; the denial of his motion

for a directed verdict of not guilty based upon the lack of corroboration of an accomplice's testimony; and the giving of a charge on flight. *Held:*

1. The first two enumerations of error attack the same alleged weakness, the lack of corroboration of the accomplice's testimony. One Whitener (the alleged accomplice) was the lessee of an apartment in the City of Dalton. That apartment was raided, and utilizing a search warrant, the police seized almost six pounds of marijuana packaged for sale. There were four persons in the apartment at the time of the raid, none of whom was Vaughn. Whitener ultimately was tried and convicted of drug abuse offenses and sentenced to serve two years. After his sentencing, Whitener volunteered to "tell all." For the first time he identified Vaughn as the source of the marijuana confiscated from his apartment. His testimony indicated that Vaughn furnished five pounds of marijuana on August 16, 1973, by delivering it to the apartment. All of this marijuana was sold between August 16th and 21st except for one-half a pound. On August 20th, Whitener testified, Vaughn brought five more pounds for sale, left that quantity at the apartment and accepted payment for the five pounds of marijuana left with Whitener on August 16th. The August 16th quantity was the subject of the count on sale and the August 21st quantity (which was seized before sales could occur) constituted the basis for the possession count. Other than the testimony of Whitener there is absolutely no testimony in this record placing the marijuana found in Whitener's apartment at any time in Vaughn's possession or connecting Vaughn with any sales from Whitener's apartment.

As pertinent, Code § 38-121 provides: "The testimony of a single witness is generally sufficient to establish a fact. Exceptions to the rule are made in specified cases; such as . . . in any case of felony where the only witness is an accomplice . . . in these cases . . . corroborating circumstances may dispense with another witness."

The transcript provides the following corroborative evidence. Whitener testified he knew Vaughn and that Vaughn had been in Whitener's apartment on several occasions including the two times when the marijuana

was delivered. One Rice testified he had seen Vaughn in Whitener's apartment sometime in July or shortly after June 30th, but did not connect Vaughn with any marijuana in the apartment. Vaughn admitted having been in Whitener's apartment on two occasions, not otherwise specified, but denied ever possessing marijuana or delivering any to Whitener. There was testimony from at least three witnesses, including Whitener that Vaughn and Whitener had been in each other's company on several occasions at a service station. Whitener alone alleged that it was at this service station that Vaughn first importuned him to sell marijuana. There was evidence that the day following Whitener's arrest, Vaughn visited him in jail. Whitener testified that this visit was to convince him to make bond and flee. Vaughn testified that he went with another person and not expressly to visit Whitener. That same day Vaughn visited Whitener's parents and sought to convince them to procure bond for their son's release and indicated to the parents that he, Vaughn, was aware that Whitener was using drugs and that the son should be urged to seek help in a drug rehabilitation center. There was evidence that Vaughn and Whitener had been seen together in Whitener's car earlier in August. Other than the testimony of Whitener, there was no indication that these meetings in the several locations involved the marijuana allegedly possessed by Vaughn at the time of delivery to Whitener on August 21st or allegedly sold for him by Whitener between August 16th and 21st. Also admitted by the trial court was evidence indicating a witness named Rice had also sold marijuana for Vaughn at a different time and under different circumstances. This evidence was admitted for the limited purpose of showing intent and state of mind, not, as the trial court observed, to prove the truth of the marijuana transactions involved. Too, there was evidence that after Whitener's conviction in late November, 1973, attempts were made to arrest Vaughn from early December until his eventual arrest in March, 1974. Vaughn's testimony stands unrebutted that he obtained a job in Kentucky and moved his family there in October, 1973, a month before authorities were aware of Vaughn's alleged connection to the Whitener case.

Considering this evidence in its most incriminating light, it establishes that Vaughn probably was involved in marijuana traffic, that Vaughn and Whitener were fairly frequently in each other's company, that Vaughn had been in Whitener's apartment before the marijuana was seized therein on August 21st, that Vaughn was aware that Whitener was involved in drug abuse and had been arrested for a drug law violation, and lastly, that when efforts were made to arrest Vaughn, he had left the state.

As was pointed out in *Price v. State,* 208 Ga. 695, 696 (3a) (69 SE2d 253), the applicable rule is that to sustain a conviction in a felony case upon the testimony of an accomplice, there must be corroborating facts or circumstances, which, in themselves and independently of the testimony of the accomplice, directly connect the defendant with the crime charged, or lead to the inference that he is guilty, and more than sufficient merely to cast on the defendant a grave suspicion of guilt. See *Allen v. State,* 215 Ga. 455, 457 (2) (111 SE2d 70) and cits.

It is true that the testimony of another accomplice can be used to corroborate testimony of one accomplice. *Wise v. State,* 52 Ga. App. 98, 99 (182 SE 535); *Pope v. State,* 171 Ga. 655 (156 SE 599); *Park v. State,* 224 Ga. 467, 476 (162 SE2d 359). Furthermore, a confession can be used to corroborate the testimony of an accomplice. *Partee v. State,* 67 Ga. 570 (2); *Schaefer v. State,* 93 Ga. 177 (1) (18 SE 552). However, a confession is sufficient to corroborate the testimony of an accomplice so as to support a verdict of guilty against the confessor and him only. *Newman v. State,* 63 Ga. App. 417 (11 SE2d 248). See *Sanders v. State,* 46 Ga. App. 175 (1) (167 SE 207). Here, the only confession or admission as to the drug offenses involved was made by the sole accomplice who testified.

Assuming but not deciding that flight, alone, would serve to corroborate an accomplice's testimony (see in this connection 41 CJS 35, Homicide, § 319 (c); 30 AmJur2d 333, Evidence, § 1159; Anno., 87 ALR 767), here there is insufficient evidence to sustain a finding that the defendant fled or was attempting to flee at the time of his arrest. See *Nix v. State,* 133 Ga. App. 417, 419 (211 SE2d 26).

If an accomplice is corroborated in material parts of his testimony, then he may be believed by the jury as to other material parts as to which there is no corroboration. *Pitts v. State,* 128 Ga. App. 434, 435 (197 SE2d 495). However, an important exception is made by Code § 38-121. That Code section requires a distinction to be drawn between evidence which tends to prove the truth of the accomplice's general testimony and that which tends to prove the identity and participation of the accused. With regard to the former, an accomplice's testimony is more believable when it is corroborated in material part. But insofar as the participation and identity of the accused is concerned, there must be independent corroborating evidence which tends to connect the accused, not with general criminal conduct, but specifically to the crime charged. Simply because the accomplice's testimony in this case is corroborated in many details, it does not follow that his testimony *alone* as to Vaughn's participation in the possession and sale of marijuana seized from Whitener is sufficient to justify Vaughn's conviction. *West v. State,* 232 Ga. 861, 864 (209 SE2d 195); *Gaudin v. State,* 133 Ga. App. 252, 254 (211 SE2d 189). While this evidence might be sufficient to cast on Vaughn a suspicion of guilt, we conclude it is insufficient, aside from the testimony of Whitener, to connect Vaughn directly to the sale of marijuana on August 16th or the possession of the marijuana on August 21st, or even lead to the inescapable inference that he is guilty. *Hill v. State,* 236 Ga. 831, 834 (225 SE2d 281). It was therefore error to overrule the general grounds of the motion for new trial. *Allen v. State,* 215 Ga. 455, supra.

2. For the reasons stated in Division 1 of this opinion, the enumeration of error dealing with the charge on flight is rendered moot.

*Judgment reversed. McMurray and Smith, JJ., concur.*

ARGUED JULY 6, 1976 — DECIDED SEPTEMBER 16, 1976.

*M. Gene Gouge,* for appellant.
*Samuel J. Brantley, District Attorney,* for appellee.