## 52538. GREEN v. THE STATE.

CLARK, Judge.

This is an out-of-time appeal authorized by the trial court for appellant who was convicted of burglary on November 29, 1971. That trial five years ago[1] was upon an indictment charging appellant and two others with burglary. At the trial one of the accused turned state's evidence. A verdict of guilty for the remaining two co-defendants was returned with the jury imposing sentences in conformance with the law then in effect.

While incarcerated, appellant wrote the trial court stating his desire to appeal his conviction and requesting appointment of counsel for this purpose. Present counsel was assigned. Following investigation, the court below on November 8, 1974, authorized an out-of-time filing of motion for new trial and an appeal.

Apparently there was difficulty in obtaining a trial transcript as there were nine court-ordered continuances for this purpose. These dated from November 8, 1974, until March 19, 1976. The motion for new trial was denied and that appeal followed.

Appellant's appointed able attorney assigns five enumerations of error. *Held:*

1. The first enumeration complains of the overruling of the motion for new trial which was based on the general grounds. On appellate review of a verdict, testimony and

---

[1] Note the comment in *Consolidated &c. Co. v. Savannah Bank &c. Co.*, 121 Ga. App. 40, 41 (172 SE2d 487), that "It was not the law, but the 'law's delay' that Hamlet urged as a reason for suicide."

evidence are construed in the light most favorable to the prevailing party and the verdict rendered, "for every presumption and inference is in favor of the verdict." *Townsend v. State,* 127 Ga. App. 797, 800 (195 SE2d 474). See *Johnson v. State,* 231 Ga. 138, 139 (200 SE2d 734); *Justice v. State,* 135 Ga. App. 902 (219 SE2d 592).

The co-indictee testified as a prosecution witness to the corpus delicti and appellant's participation in the burglary. His testimony was sufficient to establish him as an accomplice of appellant and the court's charge to this effect was proper.

Pursuant to Code Ann. § 38-121 a felony conviction may not be lawfully based upon an accomplice's testimony which tends to prove the identity and participation of the accused in the absence of *independent* corroborating evidence which tends to connect the accused with the perpetration of the crime. *West v. State,* 232 Ga. 861 (209 SE2d 195); *Gaudin v. State,* 133 Ga. App. 252, 255 (211 SE2d 189); *Quaid v. State,* 132 Ga. App. 478 (208 SE2d 336); *Pitts v. State,* 138 Ga. App. 434 (197 SE2d 495).

The sufficiency of the corroboration of the accomplice's testimony is a question for the jury. If the jury's verdict be founded on slight evidence of corroboration connecting the accused with the crime, then it cannot be said as matter of law that the verdict is contrary to the evidence. *Quaid v. State,* 132 Ga. App. 478, 483, supra; *Geiger v. State,* 129 Ga. App. 488, 495 (199 SE2d 861). Recent possession of stolen property, not satisfactorily explained, is sufficient basis for the corroboration of an accomplice's testimony and for a conviction of burglary. *Self v. State,* 108 Ga. App. 201 (132 SE2d 548); *Mathis v. State,* 104 Ga. App. 190 (121 SE2d 267). There was evidence that appellant was found in possession of a knife and some money, both identified as stolen, the day after the burglary took place.

Where there is independent corroborative evidence and a jury, properly instructed, resolves the issue of its sufficiency, then a court of review will not pass upon its probative value. *Campbell v. State,* 231 Ga. 69, 74 (200 SE2d 690). The first enumeration is without merit.

2. The second enumeration complains of a remark made by the trial court during interrogation of a witness.

Enumerations 3 and 4 go to the admission of testimony alleged to be irrelevant and prejudicial to this defendant. The trial court's remark and the testimony were harmless and not prejudicial to this defendant. We add, however, that no objection or motion for mistrial was made at the time of the allegedly improper remark by his appointed trial counsel who was not the attorney assigned by the court to this appeal. As this was not done, appellant is estopped from raising an objection on appeal. *Ezzard v. State,* 229 Ga. 465 (2) (192 SE2d 374) and citations therein. Likewise, no objections were interposed at the time of the complained of testimony, and appellant cannot raise those objections for the first time on appeal. *Roberts v. State,* 231 Ga. 395 (202 SE2d 43); *Strozier v. State,* 231 Ga. 140 (1) (200 SE2d 762); *Childers v. State,* 130 Ga. App. 555, 556 (203 SE2d 874). Accordingly, these enumerations are without merit.

3. It is lastly urged that a portion of the trial court's instructions was not adjusted to the facts and that it therefore intimated this defendant had been in possession of stolen property. The record shows that there was evidence to support this instruction. Moreover, the court's charge did not express or intimate an opinion upon the evidence. Accordingly, this enumeration is also without merit.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

Argued September 20, 1976 — Decided September 28, 1976.

*Gibbs & Leaphart, Alvin Leaphart,* for appellant.
*Glenn Thomas, Jr., District Attorney,* for appellee.