## 60592. STRICKLAND v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted and tried for the offense of armed robbery. The trial involved two days and at the completion of the first day the trial judge excused the jury with the usual cautionary remarks, and then stating that perhaps he would have his voice back the next day. The next day a different superior court judge (one of the three judges of that judicial circuit) was substituted and by way of introduction he advised the jury that counsel for both the state and the defendant had "agreed for me to substitute for . . . [the ill judge] . . . today *and to conclude the trial.*" (Emphasis supplied.) Both counsel for the state and the defendant stipulated and consented in open court to the judge substituting in the case. The court then asked the defendant personally if he had conferred with his counsel about this arrangement and the defendant answered, "Yes, sir." The court then asked, "You are agreeable with my going on with the case?" The defendant answered again, "Yes, sir."

The jury, after deliberation, found the defendant guilty and were polled as to their verdict. The court then proceeded to the second phase of the trial, that is, the sentencing phase, and the state had no evidence to offer in aggravation. Counsel for the defendant stated that he had no additional evidence to offer. The court then asked counsel if they wished to have a "pre-sentence investigation." Whereupon counsel for defendant stated that he would "just as soon" have the trial court "go ahead and pass on it now." However, the trial judge, who had completed the trial, stated he would not pass on it at this point but that he would impose sentence the next time he was attending court in this county, which would be April 22. But sentence was not passed upon by this judge, and on the 22nd of April, 1980, the original judge who had served the first day sentenced the defendant

to serve a term of 20 years. Defendant now appeals with different counsel than his trial counsel. *Held:*

1. Error is enumerated to the allowance of a second judge to hear the second day's testimony and then to allow the original judge, without the benefit of defense testimony, to sentence the defendant. Another enumeration of error alleges that the trial counsel was incompetent in allowing the substitution of judges and then to permit the original judge to sentence his client without the benefit of defense testimony.

It is noted here with interest that while counsel for the state and for the defendant have argued at great length with reference to the substitution of judges, neither has cited a single case in their respective briefs with reference to the law. Counsel for the defendant has cited the recent case of *Fleming v. State,* 246 Ga. 90 (270 SE2d 185), and contends that the *Fleming* logic should apply to the improper procedure in the trial of this case. Counsel further argues that since the sentencing judge did not hear defense witnesses during the trial in chief the defendant has not had the benefit of having the sentencing trial judge hear the defense testimony which would have the effect of mitigation. See Code Ann. § 27-2503 (Ga. L. 1974, pp. 352, 357). With reference to the pre-sentence hearing and sentence, the original judge merely heard the state's testimony and did not have the benefit of hearing defense testimony which certainly could have had some effect toward mitigation. Of course, the sentencing trial judge in reaching his sentence should have heard the entire case as well as additional evidence in extenuation, mitigation, and aggravation of punishment. But in this instance both sides waived the pre-sentence hearing, and the only remaining issue as to the substituted trial judge was for him to impose a sentence. Instead of the substituted judge imposing sentence, the original judge imposed the sentence which was not a part of the stipulation of counsel at the beginning of the second day of trial. The parties stipulated that the second judge might be substituted in the case and he was "to conclude the trial." He did not conclude the trial as the case remained for sentencing. Neither the defendant nor defense counsel agreed for the first judge to re-enter the case. Accordingly, under the facts and circumstances of the case sub judice, the judgment as to the sentence is set aside for a sentencing by the substitute trial judge.

2. The trial strategy on the part of counsel in agreeing to the substitution of judges may or may not have been the best under the circumstances, for judges do sometimes differ. But counsel may have felt that it was in his client's best interest to allow a different judge to take over the trial. Counsel, of course, must be reasonably effective but not errorless and *"not counsel judged ineffective by hindsight."*

*Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515). See also *Crawford v. State,* 232 Ga. 71, 72 (1) (205 SE2d 276). There is no merit in the enumeration of error that trial counsel was incompetent in allowing the substitution of judges. Further, the original counsel had no control over the sentence imposed and did not permit the original judge to sentence his client without the benefit of hearing the defense testimony. Indeed, the record does not disclose when present counsel became counsel for the defendant. Only the notice of appeal shows representation by present counsel.

3. The remaining enumeration of error is that the evidence was insufficient to support the verdict as a matter of law inasmuch as the conviction was based upon circumstantial evidence and that under Code § 38-109 "the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."

Circumstances surrounding the robbery create an inference it was possibly an inside job in that the timing of same discloses the employees had opened the safe and were counting the money at this particular time. The defendant stands convicted by the totality of the circumstances such as: the location of defendant's car near the scene at the time of the robbery, the robbers running in that direction, his contradictory statements concerning the whereabouts of his car, the comparison of the plaster cast as to footprints which were similar to those made by the defendant's shoes, and the bits of thread found in the defendant's car considerably similar to the orange masks left by the robbers. This evidence authorized the verdict of guilty. The circumstantial evidence need not remove every possibility of innocence but depends upon reasonableness generally decided by the jury. See *Wheeler v. State,* 228 Ga. 402, 405 (185 SE2d 900); *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528); *McConnell v. State,* 235 Ga. 366, 367 (220 SE2d 5); *Jerdine v. State,* 137 Ga. App. 811, 812 (224 SE2d 803). It was not necessary for the state to prove that it was impossible for the offense to have been committed by anyone else or that it might not by bare possibility have been done by another. *Pinson v. State,* 235 Ga. 188, 190 (219 SE2d 125); *Baldwin v. State,* 153 Ga. App. 35, 37, supra.

After a careful review of the record and transcript in this case we find, and so hold, that the verdict of the jury is supportable as a matter of law and that a rational trier of fact could reasonably have found the defendant guilty beyond a reasonable doubt. See *Boyd v. State,* 244 Ga. 130, 132 (5) (259 SE2d 71); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Turner v. State,* 151 Ga. App. 169, 170 (259 SE2d 171). There is no merit in this complaint.

*Judgment affirmed as to the conviction; reversed as to the*

*sentence with direction that the defendant be resentenced. Smith and Banke, JJ., concur.*

SUBMITTED SEPTEMBER 5, 1980 — DECIDED NOVEMBER 17, 1980.

*George M. Saliba,* for appellant.
*H. Lamar Cole, District Attorney,* for appellee.