### A95A2548. NOBLE v. THE STATE.
(469 SE2d 307)

BEASLEY, Chief Judge.

Noble appeals from his convictions and sentences on charges of armed robbery, OCGA § 16-8-41 (a), kidnapping, OCGA § 16-5-40 (a), and possession of a firearm during the commission of a crime involving the person of another, OCGA § 16-11-106 (b) (1).

The victim was accosted at a pay telephone by three men who told him to give them his car keys. One of the men forced the victim into his own car at gunpoint, and he was driven away and robbed. He identified a man named Thurmond as the one who held the gun on

him. Noble accompanied Thurmond and twice told him to shoot the victim. The third man was not identified. The robbers eventually stopped the car and told the victim to get into the trunk, but he was able to escape.

The stolen car was recovered in North Carolina after it had run off the road. Investigation of the accident led to Noble's arrest. Thurmond was also arrested in North Carolina but Noble was tried in Georgia alone.

1. Noble enumerates as error the denial of his motion for new trial on the ground of ineffective assistance of counsel in that trial counsel did not subpoena Thurmond, who Noble claims was a material witness because he allegedly would have confessed to the crimes and absolved Noble of involvement.

To prevail on a claim of ineffectiveness of counsel, a defendant must first show "that counsel's performance was deficient; second, he is required to show that he was prejudiced by counsel's deficient performance. [Cit.] 'There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered sound trial strategy.' [Cit.]" *White v. State*, 216 Ga. App. 583 (1) (455 SE2d 117) (1995). On appeal, " '[a] trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless clearly erroneous.' [Cit.]" Id. at 583-584 (1).

At the hearing on the motion, Noble testified that he had overheard Thurmond confess to the police in North Carolina that he had acted alone in the armed robbery and kidnapping for which Noble was convicted. Noble also testified that Thurmond would have testified that Noble was in Thurmond's house at the time the crime was committed. He made no other proffer of Thurmond's proposed testimony. Noble also testified that his attorney told him he had filed a motion to have Thurmond brought to Georgia to testify but that it had been denied.

Noble's trial counsel testified that he did not believe Thurmond should be called because he was in custody in North Carolina after pleading guilty to a crime very similar to the one for which Noble was tried. That crime occurred at a motel in North Carolina where Noble and Thurmond, among others, were staying together under fictitious names, and it apparently was committed close in time to Noble's arrest. Counsel believed this information, which in his opinion was prejudicial, would necessarily be revealed if Thurmond testified. He also testified he did not know exactly what Thurmond would testify but assumed his North Carolina confession was not exculpatory of Noble because the State had not provided it in response to Noble's *Brady* motion. He discussed the situation with Noble, who agreed with the decision not to pursue Thurmond's testimony.

The court specifically found counsel's version more credible than Noble's. This finding on conflicting evidence was not clearly erroneous. See *Smith v. State*, 207 Ga. App. 290, 291-292 (2) (428 SE2d 95) (1993). A decision not to call a certain witness because his testimony may harm more than help the defendant is one of trial strategy, *Williams v. State*, 217 Ga. App. 636, 639-640 (6) (458 SE2d 671) (1995), not requiring a new trial.

2. Noble alleges error because one judge presided throughout the trial and pronounced guilt, but a different judge pronounced sentence. Noble has not shown how this enumeration was preserved for appellate consideration as required by Rule 27 (a) (1), and he did not present this issue in the trial court. A separate sentencing hearing was held and he noted the appearance of the second judge but did not object. The general rule is that "the sentencing trial judge in reaching his sentence should have heard the entire case as well as additional evidence in extenuation, mitigation, and aggravation of punishment." *Strickland v. State*, 156 Ga. App. 475, 476 (1) (274 SE2d 823) (1980). The first question is whether a departure can be waived, and whether Noble's failure to object constituted a waiver.

In *Strickland*, the original judge left the trial after the first of two days because of illness. The parties agreed to have a second judge complete the trial, and the defendant's agreement to the procedure was placed on the record. After the defendant was pronounced guilty he consented to have sentence imposed without a presentence investigation, but the judge stated he would wait until the next time he held court in that county. When that day arrived, however, the first judge conducted the sentencing. Although the defendant noted the appearance of the original judge, he made no objection. Strickland enumerated as error both allowing the substitution in the first instance and allowing the original judge to return for sentencing. The court held it was error to allow the first judge to return for sentencing because the parties had stipulated that the second judge would "conclude the trial," which included sentencing. Id. at 476 (1). By giving effect to the earlier stipulation, the court recognized that a defendant may agree to a substitution of judges.

In *Griner v. State*, 162 Ga. App. 207 (291 SE2d 76) (1982), a different judge than the one presiding at trial gave an *"Allen"* charge. Appellate review of the substitution was deemed waived for a failure to object. The parties had agreed to the substitution. In response to the judge's question whether defendant objected to the timing of the charge or the judge who was giving it, the defendant specifically stated it was the timing of the charge to which he objected. Id. at 211 (3). The court did state that a defendant can waive "any objection to [a second judge] handling the case at that point in the trial." Id.

Each of these cases recognized that a defendant may agree to a

substitution of judges, although in each there was an affirmative agreement. However, an express agreement to substitution is not necessary to show waiver. If a defendant does not object to sentencing by the substitute judge, he waives the right to the imposition of sentence by the trial judge.

Finding waiver by silence is consistent with the general rule in other jurisdictions that review is waived by a failure to object. See *Commonwealth v. Clay*, 307 A2d 341, 343 (Pa. Super. Ct. 1973); *Benjamin v. State*, 874 SW2d 132, 134 (Tex. App. 1994); *State v. Colby*, 443 A2d 456, 458 (Vt. 1982); 83 ALR2d 1033-1034 § 2 (a). It is also consistent with the frequently stated rule of appellate practice in Georgia that "[a] party can not during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." *Joyner v. State*, 208 Ga. 435, 438 (2) (67 SE2d 221) (1951); accord *Johnson v. State*, 226 Ga. 511, 514 (5) (175 SE2d 840) (1970); *Gude v. State*, 213 Ga. App. 573, 575 (2) (445 SE2d 355) (1994); *Ingram v. State*, 211 Ga. App. 252, 254-255 (438 SE2d 708) (1993); *Pullen v. State*, 208 Ga. App. 581, 583 (2b) (431 SE2d 696) (1993). A defendant will not be permitted to hear the sentence pronounced by the substitute judge and then, dissatisfied with the sentence, seek reversal and resentencing by the original judge. This result does not conflict with the result in *Strickland*, supra at 476-477 (2). That case was decided on its specific facts and circumstances and was controlled by the stipulation that the substitute judge complete the trial.

If the enumeration is seen as an attack on the sentence itself rather than on the substitution of the judge, it was still waived. While appeal may be taken from a void sentence even if no objection was made in the court below, *State v. Baldwin*, 167 Ga. App. 737, 738 (2) (307 SE2d 679) (1983), a void sentence is one which imposes punishment the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (409 SE2d 517) (1991); *Jarrett v. State*, 217 Ga. App. 627, 628 (1) (458 SE2d 414) (1995). There is no suggestion that the punishment imposed here was beyond that which the law allowed. Nor does it appear that a sentence pronounced by a judge other than the trial judge would constitute an unlawful punishment. The statute specifying the court's duty in regard to fixing the terms of punishment imposes the duty upon "the sentencing judge"; there is no reference to the trial judge nor any suggestion a judge may not be substituted. OCGA § 17-10-1 (a). Neither is there a requirement under the federal constitution that one be sentenced by the judge who presided at trial. See *United States v. McCallie*, 554 F2d 770, 773-774 (6th Cir. 1977); *United States ex rel. Fields v. Fitzpatrick*, 548 F2d 105, 107-109 (3rd Cir. 1977).

Nor is there a rule of Georgia appellate practice that *any* sen-

tencing issue is nonwaivable. Appellants have waived a variety of enumerations concerned with sentencing by their failure to object in the trial court: imposition of consecutive sentences for two crimes when one was allegedly a lesser included offense of the other, *Alonso v. State*, 190 Ga. App. 26, 30 (7) (378 SE2d 354) (1989); allowing the State to suggest that sentences be served consecutively, *Clark v. State*, 206 Ga. App. 10, 12 (2) (424 SE2d 310) (1992); improper consideration of prior convictions, *Copeland v. State*, 160 Ga. App. 786, 789 (12) (287 SE2d 120) (1982), *Pugh v. State*, 214 Ga. App. 470, 471 (3) (448 SE2d 16) (1994); using information in a presentence report as evidence in aggravation, *Howard v. State*, 172 Ga. App. 83, 84 (2) (321 SE2d 815) (1984); asserting that mandatory imposition of a life sentence for a second conviction under OCGA § 16-13-30 (d) was cruel and unusual punishment, *Nuckles v. State*, 207 Ga. App. 63, 64 (3) (427 SE2d 54) (1993); and allowing jury sentencing after judge sentencing had been statutorily mandated, *McNeese v. State*, 236 Ga. 26, 29-30 (3) (222 SE2d 318) (1976). We see no reason for holding that failure to object to a sentencing judge other than the one who presided at trial should be deemed nonwaivable, especially as a defendant might choose to allow substitution as a strategic decision. See *Strickland*, supra at 476 (2). Viewed either as an issue of substitution or an issue of sentencing, Noble waived any review of the substitute judge's pronouncing sentence.

Noble also contends the sentencing judge improperly used a presentencing report as evidence in aggravation to fix the length of the sentence, and without sufficient notice to the defense. See OCGA §§ 42-8-29; 42-8-34 (b). First, it is Noble's responsibility to perfect the record on appeal. See *Meier v. State*, 190 Ga. App. 625, 626 (1) (379 SE2d 588) (1989). If he wished to show that a report was prepared and was before the court, he was bound to show it on the record. Second, if there was such a report and it was improperly used during the hearing, Noble was obliged to object, which he did not do. *Howard*, supra.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 9, 1996.

*Peter D. Johnson*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.